774 F.2d 1164
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
United States of America, Plaintiff-Appellee,
v.
Ralph V. Collins, Defendant-Appellant.
 No. 85-5027
 United States Court of Appeals, Sixth Circuit.
 9/5/85
 
 E.D.Ky.
 AFFIRMED IN PART, REMANDED IN PART
 On Appeal from the United States District Court for Eastern District of Kentucky
 Before: ENGEL and KENNEDY, Circuit Judges; and NEESE,* Senior District Judge.
 PER CURIAM.
 
 
 1
 Ralph V. Collins appeals the order of the United States District Court for the Eastern District of Kentucky denying his motion to dismiss two counts of a four-count indictment.
 
 
 2
 In December, 1983, Collins was apprehended after passing several counterfeit bills in a shopping mall in Dayton, Ohio. Shortly after his arrest, he made a statement to a secret service agent in which he admitted obtaining $14,000 in counterfeit $20, $50 and $100 notes from another person in Lexington, Kentucky, traveling with the notes to Ohio, and passing some of the counterfeit notes at the Dayton mall.
 
 
 3
 On January 14, 1984, Collins was indicted in the Southern District of Ohio on six counts of an eleven-count indictment for counterfeiting and related charges. Counts 1 through 5 charged Collins with individual acts of passing counterfeit bills at stores in the Dayton mall. Count 11 charged him with possession of $11,700 worth of counterfeit federal notes in $20, $50, and $100 denominations. As part of a plea agreement, Collins pleaded guilty to Count 5 of that indictment, and the other counts against him were dismissed.
 
 
 4
 Subsequently, Collins was indicted by a grand jury in the Eastern District of Kentucky on related charges. The Kentucky indictment contained four counts: Count 1 charged conspiracy to make and possess the notes seized in Dayton and to possess plates and positive transparencies; Count 2 charged making the same notes; Count 3 charged possessing the notes; and Count 4 charged possessing the plates and transparencies.
 
 
 5
 Collins filed a motion in the district court to dismiss Counts 1 and 3 of the Kentucky indictment, on grounds of double jeopardy and breach of the Ohio plea agreement. The district court denied the motion, and Collins now appeals.
 
 
 6
 On appeal, Collins argues that the charges in the Kentucky indictment are identical to the charges dismissed in the Ohio action and, therefore, that the Ohio plea agreement prohibits prosecution on these charges in Kentucky. He also contends that prosecution for these charges in the Eastern District of Kentucky after similar charges were dismissed in the Southern District of Ohio violates the double jeopardy clause.
 
 
 7
 At oral argument, counsel for the government confirmed that the counterfeit notes that were the subject of Count 11 of the Ohio indictment are the same notes that were the subject of the possession charge in Count 3 of the Kentucky indictment. He also confirmed that Collins' possession of the notes during the time frames covered by the two indictments were continuous. For this reason the dismissal of Count 11 of the Ohio indictment as a part of the plea agreement entered into at the time Collins pleaded guilty to Count 5 of that indictment effectively precludes his prosecution in Kentucky upon the same charge. To allow the government to try Collins for possession in Kentucky would violate the principles of double jeopardy, countrary to the Fifth Amendment of the Constitution. Brown v. Ohio, 432 U.S. 161 (1977); United States v. Jones, 533 F.2d 1387 (6th Cir. 1976), cert. denied, 430 U.S. 964 (1977).
 
 
 8
 We find no merit to Collins' other contentions. Accordingly, the cause is remanded to the district court with instructions to dismiss Count 3 of the indictment. In all other respects, the judgment is AFFIRMED.
 
 
 
 *
 Honorable C. G. Neese, Senior Judge, Retired District Judge for the Eastern District of Tennessee, sitting by designation