# BROWN v. OHIO

No. 75–6933.   Argued March 21, 1977—Decided June 16, 1977

Powell, J., delivered the opinion of the Court, in which Brennan, Stewart, White, Marshall, and Stevens, JJ., joined.  Brennan, J., filed a concurring opinion, in which Marshall, J., joined, *post*, p. 170. Blackmun, J., filed a dissenting opinion, in which Burger, C. J., and Rehnquist, J., joined, *post*, p. 170.

*Robert Plautz,* by appointment of the Court, 429 U. S. 997,

argued the cause for petitioner. With him on the briefs was *Glenn Billington.*

*George J. Sadd* argued the cause for respondent. With him on the briefs was *John T. Corrigan.*

MR. JUSTICE POWELL delivered the opinion of the Court.

The question in this case is whether the Double Jeopardy Clause of the Fifth Amendment bars prosecution and punishment for the crime of stealing an automobile following prosecution and punishment for the lesser included offense of operating the same vehicle without the owner's consent.

## I

On November 29, 1973, the petitioner, Nathaniel Brown, stole a 1965 Chevrolet from a parking lot in East Cleveland, Ohio. Nine days later, on December 8, 1973, Brown was caught driving the car in Wickliffe, Ohio. The Wickliffe police charged him with "joyriding"—taking or operating the car without the owner's consent—in violation of Ohio Rev. Code Ann. § 4549.04 (D) (1973, App. 342).[1] The complaint charged that "on or about December 8, 1973, . . . Nathaniel H. Brown did unlawfully and purposely take, drive or operate a certain motor vehicle to wit; a 1965 Chevrolet . . . without the consent of the owner one Gloria Ingram . . . ." App. 3. Brown pleaded guilty to this charge and was sentenced to 30 days in jail and a $100 fine.

Upon his release from jail on January 8, 1974, Brown was returned to East Cleveland to face further charges, and on February 5 he was indicted by the Cuyahoga County grand jury. The indictment was in two counts, the first charging

---

[1] Section 4549.04 (D) provided at the time: "No person shall purposely take, operate, or keep any motor vehicle without the consent of its owner." A violation was punishable as a misdemeanor. Section 4549.04 was repealed effective January 1, 1974.

the theft of the car "on or about the 29th day of November 1973," in violation of Ohio Rev. Code Ann. § 4549.04 (A) (1973, App. 342),[2] and the second charging joyriding on the same date in violation of § 4549.04 (D). A bill of particulars filed by the prosecuting attorney specified that

> "on or about the 29th day of November, 1973, . . . Nathaniel Brown unlawfully did steal a Chevrolet motor vehicle, and take, drive or operate such vehicle without the consent of the owner, Gloria Ingram . . . ." App. 10.

Brown objected to both counts of the indictment on the basis of former jeopardy.

On March 18, 1974, at a pretrial hearing in the Cuyahoga County Court of Common Pleas, Brown pleaded guilty to the auto theft charge on the understanding that the court would consider his claim of former jeopardy on a motion to withdraw the plea.[3] Upon submission of the motion, the court overruled Brown's double jeopardy objections. The court sentenced Brown to six months in jail but suspended the sentence and placed Brown on probation for one year.

The Ohio Court of Appeals affirmed. It held that under Ohio law the misdemeanor of joyriding was included in the felony of auto theft:

> "Every element of the crime of operating a motor vehicle without the consent of the owner is also an element of the crime of auto theft. 'The difference between the crime of stealing a motor vehicle, and operating a motor vehicle without the consent of the owner is that conviction for stealing requires proof of an intent on the part of the thief to *permanently* deprive the owner of possession.' . . . [T]he crime of operating a motor vehicle without the

---

[2] Section 4549.04 (A) provided: "No person shall steal any motor vehicle." A violation was punishable as a felony.

[3] The joyriding count of the indictment was nol prossed.

consent of the owner is a lesser included offense of auto theft . . . ."  *Id.,* at 22.

Although this analysis led the court to agree with Brown that "for purposes of double jeopardy the two prosecutions involve the same statutory offense," *id.,* at 23,[4] it nonetheless held the second prosecution permissible:

> "The two prosecutions are based on two separate acts of the appellant, one which occurred on November 29th and one which occurred on December 8th.  Since appellant has not shown that both prosecutions are based on the same act or transaction, the second prosecution is not barred by the double jeopardy clause."  *Ibid.*

The Ohio Supreme Court denied leave to appeal.

We granted certiorari to consider Brown's double jeopardy claim, 429 U. S. 893 (1976), and we now reverse.

## II

The Double Jeopardy Clause of the Fifth Amendment, applicable to the States through the Fourteenth, provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb."  It has long been understood that separate statutory crimes need not be identical—either in constituent elements or in actual proof—in order to be the same within the meaning of the constitutional prohibition.  1 J. Bishop, New Criminal Law § 1051 (8th ed. 1892) ; Comment, Twice in Jeopardy, 75 Yale L. J. 262, 268–269 (1965).  The principal question in this case is whether auto theft and joyriding, a greater and lesser included offense under Ohio law, constitute the "same offence" under the Double Jeopardy Clause.

---

[4] As the Ohio Court of Appeals recognized, the Wickliffe and Cuyahoga County prosecutions must be viewed as the acts of a single sovereign under the Double Jeopardy Clause.  *Waller* v. *Florida,* 397 U. S. 387 (1970).

Because it was designed originally to embody the protection of the common-law pleas of former jeopardy, see *United States v. Wilson,* 420 U. S. 332, 339–340 (1975), the Fifth Amendment double jeopardy guarantee serves principally as a restraint on courts and prosecutors. The legislature remains free under the Double Jeopardy Clause to define crimes and fix punishments; but once the legislature has acted courts may not impose more than one punishment for the same offense and prosecutors ordinarily may not attempt to secure that punishment in more than one trial.[5]

The Double Jeopardy Clause "protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense." *North Carolina* v. *Pearce,* 395 U. S. 711, 717 (1969) (footnotes omitted). Where consecutive sentences are imposed at a single criminal trial, the role of the constitutional guarantee is limited to assuring that the court does not exceed its legislative authorization by imposing multiple punishments for the same offense. See *Gore* v. *United States,* 357 U. S. 386 (1958); *Bell* v. *United States,* 349 U. S. 81 (1955); *Ex parte Lange,* 18 Wall. 163 (1874). Where successive prosecutions are at stake, the guarantee serves "a constitutional policy of finality for the defendant's benefit." *United States* v. *Jorn,* 400 U. S. 470, 479 (1971) (plurality opinion). That policy protects the accused from attempts to relitigate the facts underlying a prior acquittal, see *Ashe* v. *Swenson,* 397 U. S.

---

[5] We are not concerned here with the double jeopardy questions that may arise when a defendant is retried on the same charge after a mistrial, *e. g., United States* v. *Jorn,* 400 U. S. 470 (1971), or dismissal of the indictment or information, *e. g., United States* v. *Jenkins,* 420 U. S. 358 (1975), or after a conviction is reversed on appeal, *e. g., United States* v. *Ball,* 163 U. S. 662 (1896). Nor are we concerned with the permissibility of separate prosecutions on closely related criminal charges when the accused opposes a consolidated trial, *e. g., Jeffers* v. *United States, ante,* p. 137.

436 (1970); cf. *United States* v. *Martin Linen Supply Co.,* 430 U. S. 564 (1977), and from attempts to secure additional punishment after a prior conviction and sentence, see *Green* v. *United States,* 355 U. S. 184, 187–188 (1957); cf. *North Carolina* v. *Pearce, supra.*

The established test for determining whether two offenses are sufficiently distinguishable to permit the imposition of cumulative punishment was stated in *Blockburger* v. *United States,* 284 U. S. 299, 304 (1932):

> "The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not. . . ."

This test emphasizes the elements of the two crimes. "If each requires proof of a fact that the other does not, the *Blockburger* test is satisfied, notwithstanding a substantial overlap in the proof offered to establish the crimes. . . ." *Iannelli* v. *United States,* 420 U. S. 770, 785 n. 17 (1975).

If two offenses are the same under this test for purposes of barring consecutive sentences at a single trial, they necessarily will be the same for purposes of barring successive prosecutions. See *In re Nielsen,* 131 U. S. 176, 187–188 (1889); cf. *Gavieres* v. *United States,* 220 U. S. 338 (1911). Where the judge is forbidden to impose cumulative punishment for two crimes at the end of a single proceeding, the prosecutor is forbidden to strive for the same result in successive proceedings. Unless "each statute requires proof of an additional fact which the other does not," *Morey* v. *Commonwealth,* 108 Mass. 433, 434 (1871), the Double Jeopardy Clause prohibits successive prosecutions as well as cumulative punishment.[6]

---

[6] The *Blockburger* test is not the only standard for determining whether successive prosecutions impermissibly involve the same offense. Even if two offenses are sufficiently different to permit the imposition of con-

We are mindful that the Ohio courts "have the final author-ity to interpret . . . that State's legislation." *Garner* v. *Louisiana,* 368 U. S. 157, 169 (1961). Here the Ohio Court of Appeals has authoritatively defined the elements of the two Ohio crimes: Joyriding consists of taking or operating a vehicle without the owner's consent, and auto theft consists of joyriding with the intent permanently to deprive the owner of possession. App. 22. Joyriding is the lesser included of-fense. The prosecutor who has established joyriding need only prove the requisite intent in order to establish auto theft;

---

secutive sentences, successive prosecutions will be barred in some cir-cumstances where the second prosecution requires the relitigation of factual issues already resolved by the first. Thus in *Ashe* v. *Swenson,* 397 U. S. 436 (1970), where an acquittal on a charge of robbing one of several participants in a poker game established that the accused was not present at the robbery, the Court held that principles of collateral estoppel em-bodied in the Double Jeopardy Clause barred prosecutions of the accused for robbing the other victims. And in *In re Nielsen,* 131 U. S. 176 (1889), the Court held that a conviction of a Mormon on a charge of cohabiting with his two wives over a 2½-year period barred a subsequent prosecution for adultery with one of them on the day following the end of that period.

In both cases, strict application of the *Blockburger* test would have permitted imposition of consecutive sentences had the charges been con-solidated in a single proceeding. In *Ashe,* separate convictions of the robbery of each victim would have required proof in each case that a different individual had been robbed. See *Ebeling* v. *Morgan,* 237 U. S. 625 (1915). In *Nielsen,* conviction for adultery required proof that the defendant had sexual intercourse with one woman while married to another; conviction for cohabitation required proof that the defendant lived with more than one woman at the same time. Nonetheless, the Court in both cases held the separate offenses to be the "same" for pur-poses of protecting the accused from having to " 'run the gantlet' a second time." *Ashe, supra,* at 446, quoting from *Green* v. *United States,* 355 U. S. 184, 190 (1957).

Because we conclude today that a lesser included and a greater offense are the same under *Blockburger,* we need not decide whether the repeti-tion of proof required by the successive prosecutions against Brown would otherwise entitle him to the additional protection offered by *Ashe* and *Nielsen.*

the prosecutor who has established auto theft necessarily has established joyriding as well.

Applying the *Blockburger* test, we agree with the Ohio Court of Appeals that joyriding and auto theft, as defined by that court, constitute "the same statutory offense" within the meaning of the Double Jeopardy Clause. App. 23. For it is clearly *not* the case that "each [statute] requires proof of a fact which the other does not." 284 U. S., at 304. As is invariably true of a greater and lesser included offense, the lesser offense—joyriding—requires no proof beyond that which is required for conviction of the greater—auto theft. The greater offense is therefore by definition the "same" for purposes of double jeopardy as any lesser offense included in it.

This conclusion merely restates what has been this Court's understanding of the Double Jeopardy Clause at least since *In re Nielsen* was decided in 1889. In that case the Court endorsed the rule that

> "where . . . a person has been tried and convicted for a crime which has various incidents included in it, he cannot be a second time tried for one of those incidents without being twice put in jeopardy for the same offence." 131 U. S., at 188.

Although in this formulation the conviction of the greater precedes the conviction of the lesser, the opinion makes it clear that the sequence is immaterial. Thus, the Court treated the formulation as just one application of the rule that two offenses are the same unless each requires proof that the other does not. *Id.*, at 188, 190, citing *Morey* v. *Commonwealth, supra,* at 434. And as another application of the same rule, the Court cited, 131 U. S., at 190, with approval the decision of *State* v. *Cooper,* 13 N. J. L. 361 (1833), where the New Jersey Supreme Court held that a conviction for arson barred a subsequent felony-murder indictment based on the death of a man killed in the fire. Cf. *Waller* v. *Florida,* 397 U. S.

387, 390 (1970). Whatever the sequence may be, the Fifth Amendment forbids successive prosecution and cumulative punishment for a greater and lesser included offense.[7]

## III

After correctly holding that joyriding and auto theft are the same offense under the Double Jeopardy Clause, the Ohio Court of Appeals nevertheless concluded that Nathaniel Brown could be convicted of both crimes because the charges against him focused on different parts of his 9-day joyride. App. 23. We hold a different view. The Double Jeopardy Clause is not such a fragile guarantee that prosecutors can avoid its limitations by the simple expedient of dividing a single crime into a series of temporal or spatial units. Cf. *Braverman* v. *United States,* 317 U. S. 49, 52 (1942). The applicable Ohio statutes, as written and as construed in this case, make the theft and operation of a single car a single offense. Although the Wickliffe and East Cleveland authorities may have had different perspectives on Brown's offense, it was still only one offense under Ohio law.[8] Accordingly, the specification of

---

[7] An exception may exist where the State is unable to proceed on the more serious charge at the outset because the additional facts necessary to sustain that charge have not occurred or have not been discovered despite the exercise of due diligence. See *Diaz* v. *United States,* 223 U. S. 442, 448–449 (1912); *Ashe* v. *Swenson, supra,* at 453 n. 7 (BRENNAN, J., concurring).

[8] We would have a different case if the Ohio Legislature had provided that joyriding is a separate offense for each day in which a motor vehicle is operated without the owner's consent. Cf. *Blockburger* v. *United States,* 284 U. S., at 302. We also would have a different case if in sustaining Brown's second conviction the Ohio courts had construed the joyriding statute to have that effect. We then would have to decide whether the state courts' construction, applied retroactively in this case, was such "an unforeseeable judicial enlargement of a criminal statute" as to violate due process. See *Bouie* v. *City of Columbia,* 378 U. S. 347, 353 (1964); cf. *In re Snow,* 120 U. S. 274, 283–286 (1887); *Crepps* v. *Durden,* 2 Cowper 640 (K. B. 1777).

different dates in the two charges on which Brown was convicted cannot alter the fact that he was placed twice in jeopardy for the same offense in violation of the Fifth and Fourteenth Amendments.

*Reversed.*

MR. JUSTICE BRENNAN, with whom MR. JUSTICE MARSHALL joins, concurring.

I join the Court's opinion, but in any event would reverse on the ground, not addressed by the Court, that the State did not prosecute petitioner in a single proceeding. I adhere to the view that the Double Jeopardy Clause of the Fifth Amendment, applied to the States through the Fourteenth Amendment, requires the prosecution in one proceeding, except in extremely limited circumstances not present here, of "all the charges against a defendant that grow out of a single criminal act, occurrence, episode, or transaction." *Ashe* v. *Swenson,* 397 U. S. 436, 453–454, and n. 7 (1970) (BRENNAN, J., concurring). See *Thompson* v. *Oklahoma,* 429 U. S. 1053 (1977) (BRENNAN, J., dissenting from denial of certiorari), and cases collected therein. In my view the Court's suggestion, *ante,* at 169 n. 8, that the Ohio Legislature might be free to make joyriding a separate and distinct offense for each day a motor vehicle is operated without the owner's consent would not affect the applicability of the single-transaction test. Though under some circumstances a legislature may divide a continuing course of conduct into discrete offenses, I would nevertheless hold that all charges growing out of conduct constituting a "single criminal act, occurrence, episode, or transaction" must be tried in a single proceeding.

MR. JUSTICE BLACKMUN, with whom THE CHIEF JUSTICE and MR. JUSTICE REHNQUIST join, dissenting.

The Court reverses the judgment of the Ohio Court of Appeals because the Court does not wish this case to slip by

without taking advantage of the opportunity to pronounce some acceptable but hitherto unenunciated (at this level) double jeopardy law.   I dissent because, in my view, this case does not deserve that treatment.

I, of course, have no quarrel with the Court's general double jeopardy analysis.   See *Jeffers* v. *United States, ante,* p. 137. I am unable to ignore as easily as the Court does, however, the specific finding of the Ohio Court of Appeals that the two prosecutions at issue here were based on petitioner's separate and distinct acts committed, respectively, on November 29 and on December 8, 1973.

Petitioner was convicted of operating a motor vehicle on December 8 without the owner's consent.   He subsequently was convicted of taking and operating the same motor vehicle on November 29 without the owner's consent and with the intent permanently to deprive the owner of possession.   It is possible, of course, that at some point the two acts would be so closely connected in time that the Double Jeopardy Clause would require treating them as one offense.   This surely would be so with respect to the theft and any simultaneous unlawful operation.   Furthermore, as a matter of statutory construction, the allowable unit of prosecution may be a course of conduct rather than the separate segments of such a course. See, *e. g., United States* v. *Universal C. I. T. Credit Corp.,* 344 U. S. 218 (1952).   I feel that neither of these approaches justifies the Court's result in the present case.

Nine days elapsed between the two incidents that are the basis of petitioner's convictions.   During that time the automobile moved from East Cleveland to Wickliffe.   It strains credulity to believe that petitioner was operating the vehicle every minute of those nine days.   A time must have come when he stopped driving the car.   When he operated it again nine days later in a different community, the Ohio courts could properly find, consistently with the Double Jeopardy Clause, that the acts were sufficiently distinct to justify a

second prosecution. Only if the Clause requires the Ohio courts to hold that the allowable unit of prosecution is the course of conduct would the Court's result here be correct. On the facts of this case, no such requirement should be inferred, and the state courts should be free to construe Ohio's statute as they did.

This Court, I fear, gives undeserved emphasis, *ante,* at 163–164, to the Ohio Court of Appeals' passing observation that the Ohio misdemeanor of joyriding is an element of the Ohio felony of auto theft. That observation was merely a preliminary statement, indicating that the theft and any simultaneous unlawful operation were one and the same. But the Ohio Court of Appeals then went on flatly to hold that such simultaneity was not present here. Thus, it seems to me, the Ohio courts did precisely what this Court, *ante,* at 169 n. 8, professes to say they did not do.

In my view, we should not so willingly circumvent an authoritative Ohio holding as to Ohio law. I would affirm the judgment of the Court of Appeals.