DENNIS, Justice,
concurring.
I agree that the case falls within the rule that two offenses are the same for double jeopardy unless each requires proof that the other does not, Brown v. Ohio, 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977), however, the Supreme Court indicated that:
*162 “An exception may exist where the State is unable to proceed on the more serious charge at the outset because the additional facts necessary to sustain that charge have not occurred or have not been discovered despite the exercise of due diligence. See Diaz v. United States, 223 U.S. 442, 448-449, 32 S.Ct. 250, 251, 56 L.Ed. 500 (1912); Ashe v. Swenson, supra, [397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970)] 397 U.S. at 453 n. 7, 90 S.Ct. at 1199 (Brennan, J., concurring).” Brown v. Ohio, 432 U.S. at 170, 97 S.Ct. at 2227 n. 7, 53 L.Ed.2d at 196. See also, State v. Doughty, 379 So.2d 1088 (La.1980).
Nevertheless, this Court is, of course, free to construe the exception more narrowly than Brown in the interest of greater protection of the constitutional rights of the defendant. Perhaps, also, the exercise of diligence would have required that the state dismiss prosecution on the lesser charge and commence proceedings on the greater charge upon the death of the victim.