835 F.2d 878
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Paul K. FREEMAN, Petitioner-Appellant,
v.
Arnold JAGO, Respondent-Appellee.
 No. 86-3819.
 United States Court of Appeals, Sixth Circuit.
 Dec. 1, 1987.
 
 Before ENGEL, MERRITT and KRUPANSKY, Circuit Judges.
 PER CURIAM.
 
 
 1
 This is an appeal from a denial of a writ of habeas corpus which was filed in the United States District Court for the Southern District of Ohio, Eastern Division before the Honorable John D. Holschuh pursuant to the provisions of 28 U.S.C. Sec. 2254.
 
 
 2
 The defendant, Paul K. Freeman was indicted under Ohio law on charges of aggravated burglary, aggravated robbery, felonious assault, kidnapping and attempted aggravated murder in connection with the robbery of a coin shop in Akron, Ohio on July 24, 1981. On December 17, 1981 an Ohio jury found him guilty of complicity to commit aggravated robbery and complicity to commit kidnapping. He was then sentenced to two consecutive terms of seven to twenty-five years in prison on December 21, 1981.
 
 
 3
 This appeal concerns the dismissal of Freeman's second petition for habeas corpus on these charges. We are satisfied that he has adequately exhausted all available state remedies as required by 28 U.S.C. Sec. 2254 and therefore we may turn to the merits of his appeal.
 
 
 4
 Freeman's first contention is that there was insufficient evidence to convict him. He argues that under Ohio law, O.R.C. 2923.03(D), "[n]o person shall be convicted of complicity under this section solely upon the testimony of an accomplice, unsupported by other evidence." As he claims that this was not the case here, he alleges that there has been a violation of due process of law.
 
 
 5
 Ohio's statutory rule is not a federal constitutional requirement of due process. Thus, Ohio's courts are free in that regard to apply or construe their statute as they wish. The federal due process standard is set out in Jackson v. Virginia, 443 U.S. 307 (1979), which states that when challenging the sufficiency of evidence in a state court trial, relief may be granted only if it is found "that upon the record of evidence adduced at trial no rational trier of fact could have found proof beyond a reasonable doubt." Id. at 324.
 
 
 6
 Much of the incriminating evidence against Freeman came from the testimony of his alleged accomplice Nerlinger. However, there was ample other corroborating evidence in any event. There was further evidence that Freeman met with the other perpetrators three times in the two days before the robbery, that Freeman loaned his car to the men and was aware that they had changed the license plates on the car, and that Freeman telephoned one of the robbers immediately after the crime to ask what had happened. State v. Freeman, No. 10500, pp. 1-4 (Ohio Ct.App. Summit Co.1982). Such evidence is fully sufficient under the test of Jackson v. Virginia.[1]
 
 
 7
 Freeman next claims that he was denied effective assistance of counsel in that counsel failed to object when the trial court did not give an alibi instruction; counsel incorrectly informed Freeman that if he took the stand he could not be questioned about statements that he made before being given Miranda warnings; counsel failed to object when the prosecutor questioned Freeman about unrelated prior criminal acts; counsel failed to file a pre-trial motion to suppress the testimony of a key prosecution witness; and counsel failed to object to the court's omission of a limiting instruction on the jury's use of evidence of Freeman's prior felony conviction.
 
 
 8
 Under Strickland v. Washington, 466 U.S. 668 (1984), Freeman must first demonstrate that the conduct of his trial counsel fell below reasonable standards of competence and that such conduct was prejudicial in fact. To be unreasonable, counsel's action must fall outside of a relatively wide range of acceptable trial practices. Id. at 688. To be considered prejudicial, Freeman must show that the errors were so serious "as to deprive the defendant of a fair trial ... whose result is reliable." Id. at 686.
 
 
 9
 The failure to object to the lack of an alibi instruction did not violate Strickland's standard. Given the tenuous nature of the alibi claim in this case, it was well within the discretion of the trial counsel to fail to object to this omission.
 
 
 10
 A more serious problem arises in Freeman's contention that his trial counsel incorrectly told him that he could not be questioned on statements that he made before he was given his Miranda warnings. The Supreme Court in Harris v. New York, 401 U.S. 222 (1971), held that such statements, if otherwise voluntary, could be used to cross-examine a defendant who testified on his own behalf. Even if this was error, however, Freeman failed to prove prejudice. It is possible that had Freeman been properly advised he might not have taken the stand. However, the record indicates that almost none of Freeman's pre- Miranda statement was actually revealed to the jury and what was revealed was not particularly damaging. In all events the prejudice requirement of Strickland was not met.
 
 
 11
 Freeman's third claim of ineffective assistance is that his trial counsel failed to object when the prosecutor cross-examined him about his use and distribution of cocaine. We agree with the district court that this was within the discretion of the trial counsel. Freeman's alleged accomplice Nerlinger had previously testified to Freeman's drug involvement and thus the cat was already out of the bag. The cross-examination at least gave Freeman an opportunity to rebut some of the allegations made in that testimony. His counsel's conduct was well within the range of his proper discretion.
 
 
 12
 Freeman's fourth allegation concerns counsel's failure to move for the suppression of an identification of Freeman by Beverly Albright. Counsel might have objected since Albright was shown only a photograph of Freeman, instead of seeing a photo array or a line-up. However, the district court correctly concluded that there was no prejudice since Ms. Albright was able to make an in-court identification of Freeman.
 
 
 13
 Petitioner's final ineffective assistance claim is that his counsel did not object when the court failed to give the jury a limiting instruction on its consideration of Freeman's prior felony conviction. Again, the district court correctly found that the effect of any error in this regard was minimal given the showing of evidence of Freeman's guilt.
 
 
 14
 In summary, we conclude that Freeman has failed to establish any ineffective assistance of counsel claims warranting habeas relief under the Strickland v. Washington standard.
 
 
 15
 Freeman next claims that the state trial judge committed Constitutional error by failing to instruct the jury on a defense of alibi. Such a failure can lead to the issuance of a writ of habeas corpus, but only where the "instruction by itself so infected the entire trial that the resulting conviction violates due process." Cupp v. Naughten, 414 U.S. 141, 147 (1973). Here, Freeman never presented a coherent alibi defense at trial. Further, such a defense was virtually impossible to sustain, since Freeman was charged only with aiding in the planning of the robbery and it was never claimed that his physical presence at the scene of the crime itself was necessary.
 
 
 16
 Freeman further claims that his conviction was obtained through the use of unconstitutionally tainted identification testimony of Beverly Albright who based her identification of him on a single photograph shown to her by police, instead of a line-up or a photo array. However, the district court properly found that he had waived his federal claim by failing to comply with Ohio procedural rules requiring this issue to be timely raised. See Engle v. Issac, 456 U.S. 107 (1982). Even if the claim was not waived, however, Freeman would still fail. Under the totality of the circumstances test, Manson v. Brathwaite, 432 U.S. 98 (1977), Ms. Albright's general familiarity with Freeman was sufficient to overcome any possibility of taint arising from the use of the single photograph.
 
 
 17
 Freeman's next claim was that the seizure of certain evidence violated his Fourth and Fourteenth Amendment rights. The alleged violation occurred when Detective Jenny answered a telephone call from Freeman and pretended to be one of the two robbers, thus eliciting damaging statements from Freeman. The district court was correct in holding that Stone v. Powell, 428 U.S. 465 (1976), precluded habeas review of this issue. The Supreme Court in Powell held that "where the state has provided an opportunity for full and fair litigation of a fourth amendment claim, a state prisoner may not be granted federal habeas corpus relief [on that ground]." Id. at 494. Freeman was granted an adequate post-conviction hearing on this issue.
 
 
 18
 Freeman's final claim is that his convictions for complicity to aggravated robbery and complicity to kidnapping resulted from a single act. Thus, he argues that the consecutive sentences he received constitute double joepardy. In Brown v. Ohio, 432 U.S. 161 (1977), the Supreme Court held that if a prisoner is convicted of two offenses, there is no double jeopardy if they each include an element that the other lacks. In this case, the crime of robbery under O.R.C. 2911.01(A)(1) requires a theft, but not an asportation of the victim whereas the crime of kidnapping under O.R.C. 2905.01(A)(2) requires an asportation but not a theft. Thus, there is no merit to Freeman's double jeopardy claim. There is also no merit to Freeman's complaint that he received consecutive sentences. This was purely a matter of state law.
 
 
 19
 Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 [1]
 Two Ohio decisions, State v. Palfy, 11 Ohio App.2d 142 (1967), and State v. Lockett, 99 Ohio St.2d 48 (1976), have held that "a person engaged in a common design with others ... is presumed to acquiesce in whatever may be reasonable to accomplish the object of the enterprise." Palfy, 11 Ohio App.2d at 142, Lockett, 49 Ohio St.2d at 61. Whether such a rule can be applied to meet the sufficiency test of Jackson v. Virginia, supra, is an issue which has not been exhausted in the state court and we specifically do not reach that issue here