**UNITED STATES of America, Plaintiff,**

v.

**D–2 James ARMSTRONG, Defendant.**

**No. 97–CR–80731–02.**

United States District Court, E.D. Michigan, Southern Division.

June 22, 2000.

---

Jonathan Epstein, Detroit, MI, for plaintiff.

Margaret E. Davis, AUSA, Detroit, MI, for defendant.

## OPINION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS COUNTS III & IV OF INDICTMENT

DUGGAN, District Judge.

On September 11, 1997, the grand jury returned a four-count first superseding indictment against Defendant James Armstrong, charging Defendant with conspiracy to distribute and to possess with intent to distribute cocaine (count I), aiding and abetting (count II), attempted possession with intent to distribute cocaine (count III), and use of a communication facility in committing a drug offense (count IV). The Government has agreed to dismiss counts I and II of the superseding indictment, leaving only counts III and IV against Defendant. This matter is currently before the Court on Defendant's motion to dismiss counts III and IV as barred by the Double Jeopardy Clause of the Fifth Amendment. Oral argument regarding Defendant's motion was heard on June 21, 2000. For the reasons stated below, Defendant's motion shall be denied.

### Background

1. *Eastern District of Michigan Indictment*

The Michigan Indictment was based upon allegations that from December 1996 through March 1997, Defendant negotiated to buy drugs from a confidential informant, Debbie Perez. During this time period, the Government recorded several calls between Defendant and Perez, during which Defendant allegedly sought to buy various quantities of cocaine. Defendant was apprehended by law enforcement officers on March 24, 1997, at a hotel in Hazel Park, Michigan, shortly after an alleged twenty-five kilogram "reverse buy" was executed.

Count III of the superseding indictment charges Defendant with attempted possession with intent to distribute on or about

March 24, 1997, 21 U.S.C. § 841(a)(1). Count IV of the indictment charges Defendant with using a communication facility in furtherance of a drug offense on or about January 30, 1997, 21 U.S.C. § 843(b).

### 2. Southern District of Alabama Indictment

On November 25, 1997, a grand jury in the Southern District of Alabama returned a second superseding indictment charging Defendant with conspiring to import cocaine (count I), 21 U.S.C. §§ 952 & 963, and conspiring to distribute and to possess with intent to distribute cocaine (count II), 21 U.S.C. §§ 841 & 846, from April 1995 through October 1995. (Def.'s Mot. Dismiss, Ex. A). Defendant proceeded to trial on the Alabama Indictment in March of 1998. At trial, the Government introduced testimony regarding the events charged in the Michigan Indictment pursuant to Rule 404(b) of the Federal Rules of Evidence, which, in pertinent part, states:

> **(b) Other crimes, wrongs, or acts.** Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. . . .

(Id., Ex. B). This testimony was presented by the same witnesses expected to testify before this Court, namely Case Agent Donald McDougall, Olga Medina, and Debbie Perez. (Id., Exs. C & D).

At the close of trial, the Court instructed the jury as follows:

> During the course of the trial, you heard evidence of acts of the defendants which may be similar to those charged in the indictment, but which were committed on other occasions. You must not consider any of this in deciding if a Defendant committed the acts charged in the indictment. However, you may consider this evidence for other, very limited purposes.

> If you find beyond a reasonable doubt from other evidence in this case that Defendants did commit the acts charged in the indictment, and that the Defendants also committed similar acts at other times, then you may consider evidence of similar acts allegedly committed on other occasions to determine whether the Defendant had the state of mind or intent necessary to commit the crime charged in the indictment.

(Id., Ex. E). Defendant was acquitted of conspiracy to import, but convicted of conspiracy to distribute and to possess with intent to distribute cocaine.

### 3. Defendant's Motion to Dismiss Counts III and IV

On May 1, 2000, Defendant moved to dismiss counts III and IV of the Michigan Indictment as barred by the Double Jeopardy Clause. Defendant contends that by introducing the Rule 404(b) testimony of Case Agent McDougall, Medina, and Perez, the Government "constructively amended" the Alabama Indictment "to include the Michigan conduct." (Id. at 5). According to Defendant, "the Alabama jury could have convicted [Defendant] of the conspiracy to distribute [charge] by finding that he, in fact, intended to distribute drugs to individuals in Detroit on March 24, 1997." (Id. at 6).

### Discussion

■ The Fifth Amendment to the United States Constitution provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. Amend. V. The Double Jeopardy Clause has been interpreted "as protecting criminal defendants from successive prosecutions for the same offense after acquittal or conviction, as well as from multiple punishments for the same offense." Rashad v. Burt, 108 F.3d 677, 679 (1997) (citing Brown v. Ohio, 432 U.S. 161, 165, 97 S.Ct. 2221, 2225, 53 L.Ed.2d 187 (1977)). "The general test for double

jeopardy challenges is the 'same elements' test from *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932)." *United States v. Forman*, 180 F.3d 766, 768 (6th Cir.1999). The "same elements" test requires the Court to ask "whether each offense contains an element not contained in the other." *Id.* "A defendant will be considered placed in double jeopardy only if 'every violation of one statute entails a violation of another.'" *Id.* (quoting *United States v. Benton*, 852 F.2d 1456, 1465 (6th Cir.1988) (citation and internal quotations omitted)).

■ Courts have continuously held that "[a] substantive crime and a conspiracy to commit that crime are not the 'same offense' for purposes of double jeopardy, even if based upon the same underlying incidents." *United States v. Medina*, 992 F.2d 573, 588 (6th Cir.1993) (holding that defendant's subsequent convictions for conspiracy and use of a telecommunications device were not barred by double jeopardy even though based upon same conduct charged in earlier possession conviction) (citing *United States v. Felix*, 503 U.S. 378, 112 S.Ct. 1377, 118 L.Ed.2d 25 (1992) (holding that defendant's earlier conviction for attempt to manufacture drugs did not bar subsequent conviction for conspiracy to manufacture even though based, in part, upon same conduct charged in earlier attempt conviction)). In *Felix*, the Supreme Court specifically adhered to "the established doctrine that a conspiracy to commit a crime is a separate offense from the crime itself." *Felix*, 503 U.S. at 391, 112 S.Ct. at 1385.

As stated by the Supreme Court, "a substantive crime and the crime of conspiracy to commit that crime are not the 'same offence' for double jeopardy purposes." *Id.* at 389, 112 S.Ct. at 1384. Therefore, even if the Court were to find that Defendant's conspiracy conviction in Alabama and the charges contained in the Michigan Indictment were based upon the same underlying conduct, there would be no double jeopardy violation.

Defendant, however, does not merely argue that the two indictments are based upon the same conduct; rather, Defendant argues that the introduction of the Rule 404(b) testimony, in conjunction with the jury instructions, "constructively amended" the Alabama Indictment such that it included the charges contained in the Michigan Indictment. Therefore, Defendant argues any subsequent prosecution for the same offenses would violate double jeopardy.

■ A constructive amendment occurs when "'the terms of the indictment are in effect altered by the presentation of evidence and jury instructions which so modify essential elements of an offense charged that there is a *substantial likelihood* that the defendant may have been convicted of an offense *other than that charged in the indictment*.'" *United States v. Manning*, 142 F.3d 336, 339 (6th Cir. 1998) (quoting *United States v. Hathaway*, 798 F.2d 902, 910 (6th Cir.1986)) (emphasis added). Defendant contends that the Alabama district court's instructions permitted the jury to convict him of conspiracy upon a finding that he intended to distribute drugs in Michigan. (Def.'s Br. Supp.Mot. Dismiss at 5–6). The Court disagrees.

The Alabama district court specifically instructed the jurors that they "must not" consider any evidence regarding Defendant's similar acts committed on other occasions as evidence that Defendant committed the acts charged in the Alabama Indictment, and that they were only permitted to "consider evidence of the similar acts allegedly committed on other occasions *to determine whether the Defendant had the state of mind or intent* necessary to commit the crime charged in the indictment." Contrary to Defendant's assertions, nothing in the district court's instructions permitted the jury to find Defendant guilty of conspiracy to distribute cocaine based solely upon

a finding that, at some later date, he intended to distribute cocaine in Michigan.

Because the Court finds that the Alabama district court's instruction did not improperly allow the jury to convict Defendant based upon conduct not charged in the Alabama Indictment, the Court finds the authority cited by Defendant to be unpersuasive. Accordingly,

**IT IS ORDERED** that Defendant's motion to dismiss counts III and IV of the indictment is **DENIED**.