IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-30789
Summary Calendar

_____

CARLO DESALVO,

Petitioner-Appellant,

versus

BURL CAIN, WARDEN, LOUISIANA STATE PENITENTIARY,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 01-CV-172-K
--------------------
March 17, 2003

Before JOLLY, JONES and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Carlo Desalvo, Louisiana state prisoner # 102837, was
convicted following a bench trial of aggravated battery (count
one), armed robbery (count two), aggravated battery (count
three), second-degree kidnaping (count four), and armed robbery
(count five). Desalvo appeals from the district court's denial
of his 28 U.S.C. § 2254 federal petition for a writ of habeas
corpus. The district court granted Desalvo a certificate of

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

appealability on his claims of the denial of a jury trial and of violations of the Double Jeopardy Clause.

Desalvo contends that he did not knowingly and voluntarily waive his right to a jury trial. The state court's adjudication of the issue of the voluntariness of Desalvo's waiver of the right to a jury trial was not contrary to and did not involve an unreasonable application of, clearly established Federal law, as determined by the Supreme Court. See 28 U.S.C. § 2254(d)(1).

Desalvo argues that he was subjected to double jeopardy because he was charged with attempted second degree murder (count one) and armed robbery (count two) of Todd Louque. Similarly, he contends that he was subjected to double jeopardy because he was charged with attempted second degree murder (count three) and armed robbery (count five) of James Clair. The Double Jeopardy Clause of the Fifth Amendment protects against a second prosecution for the same offense after acquittal; a second prosecution for the same offense after conviction; and multiple punishments for the same offense. See Brown v. Ohio, 432 U.S. 161, 165 (1977); Blockburger v. United States, 284 U.S. 299 (1932). Desalvo was not subjected to a second prosecution. Because he was not convicted of attempted second degree murder on either counts one or three, but rather was convicted of aggravated battery on both counts, he also has not shown that he received multiple punishments for the same offense.

Desalvo contends that he was subjected to double jeopardy because he was charged, and convicted, of both second degree kidnaping (count four) and armed robbery (count five). These convictions do not violate the Double Jeopardy Clause test because each offense contains an element of proof not shared by the other. See LA. REV. STAT. 14:41.1, 14:64. The state court's adjudication of Desalvo's double jeopardy claim does not involve an unreasonable application of clearly established federal law as determined by the Supreme Court. See 28 U.S.C. § 2254(d)(1).

AFFIRMED.