**UNITED STATES of America,
Plaintiff,**

v.

**Rodericas HUDSON, Defendant.**

**No. CR–3–02–085.**

United States District Court,
S.D. Ohio,
Western Division.

April 22, 2003.

---

David Horne, Dayton, OH, for Plaintiff.

Beth Goldstein Lewis and Thomas W. Anderson, Federal Public Defender, Dayton, OH, for Defendant.

## DECISION AND ENTRY OVERRULING DEFENDANT'S MOTION TO SUPPRESS STATEMENTS (DOC. # 17).

RICE, Chief Judge.

Defendant Rodericas Hudson is charged in the Indictment (Doc. # 10) with one count of possessing a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g).[1] This case is now before the Court on the Defendant's Motion to Suppress Statements (Doc. # 17), with which he requests that the Court suppress the statements he made to Officer Timothy Bilinski ("Bilinski") of the Dayton Police Department, on August 7, 2002. On December 20, 2002, the Court conducted an oral and evidentiary hearing on that motion. In accordance with the Court's briefing schedule (*see* Doc. # 24), the parties have filed their post-hearing memoranda. *See* Docs. ## 26–28. The Court now rules upon the Defendant's Motion to Suppress Statements (Doc. # 17).

Shortly after 1:00 a.m., on August 6, 2002, Officer Jason Cromartie ("Cromartie") of the Dayton Police Department stopped a vehicle which was being driven by the Defendant. Cromartie discovered that the Defendant's driver's license had been suspended and placed him in the back of his cruiser. The officer then searched the passenger compartment of the vehicle, discovering a semi-automatic handgun hidden under the floor mat on the passenger side of the front seat. That morning, the Defendant was charged in a complaint filed in Dayton Municipal Court with carrying a concealed weapon, in violation of Ohio Revised Code § 2923.12(A). Later that date, at approximately 1:30 p.m., Hudson had his initial appearance before Judge Littlejohn of the Dayton Municipal Court. Anthony Gionacupolous, an attorney employed by the Montgomery County Public Defender, was appointed to represent the Defendant during that proceeding. The Montgomery County Public Defender continued to represent the Defendant until the state prosecution was dismissed.

On August 7, 2002, Bilinski traveled to 1613 Radio Road, to investigate Defendant's alleged violation of Ohio's firearms statutes by carrying a concealed weapon. When he got there, Bilinski interviewed Chimere Poythress and, then, Craig Poythress.[2] Those interviews took place in Bilinski's unmarked police vehicle, which was parked outside 1613 Radio Road. As Bilinski was interviewing Craig Poythress, the Defendant walked past his (Bilinski's) vehicle. After Bilinski had finished interviewing Craig Poythress, Hudson walked back to the officer's vehicle and peered inside. Bilinski then asked the Defendant whether he wanted to speak with him (Bilinski). The Defendant said yes and sat in Bilinski's vehicle, after which the officer interviewed him.

---

1. The Indictment also cites 18 U.S.C. § 924(a), which merely provides that anyone who knowingly violates § 922(g) may be sentenced up to ten years in prison.

2. Chimere Poythress was the registered owner of the motor vehicle which the Defendant had been driving during the early hours of August 6, 2002. Craig Poythress is her brother.

The Defendant seeks to suppress the statements he made to Bilinski during that interview, arguing that his Sixth Amendment right to counsel was violated thereby, given that the interview occurred after his initial appearance and the appointment of counsel. During the hearing, Defendant's counsel indicated that her client was seeking the suppression of statements he had made to Bilinski solely pursuant to *Massiah v. United States,* 377 U.S. 201, 84 S.Ct. 1199, 12 L.Ed.2d 246 (1964). Transcript of December 20, 2002 Hearing (Doc. # 25) at 3–4. In other words, the Defendant has not argued that his statements must be suppressed, because Bilinski failed to comply with the requirements of *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

Under *Massiah,* statements elicited by police officers in violation of a criminal defendant's Sixth Amendment right to counsel must be suppressed. *See United States v. Cope,* 312 F.3d 757, 772 (6th Cir.2002). In *Brewer v. Williams,* 430 U.S. 387, 97 S.Ct. 1232, 51 L.Ed.2d 424 (1977), the Supreme Court explained:

> Whatever else it may mean, the right to counsel granted by the Sixth and Fourteenth Amendments means at least that a person is entitled to the help of a lawyer at or after the time that judicial proceedings have been initiated against him whether by way of formal charge, preliminary hearing, indictment, information, or arraignment.

*Id.* at 398, 97 S.Ct. 1232 (internal quotation marks and citation omitted). Herein, the Defendant's initial appearance had occurred and he was represented by an assistant public defender, before Bilinski interviewed him. Consequently, the Court assumes for present purposes that criminal proceedings against Defendant had been initiated and that, therefore, his Sixth Amendment right to counsel had attached before the interview occurred.

■ Of course, "[t]he Sixth Amendment right [to counsel] ... is offense specific. It cannot be invoked once for all future prosecutions, for it does not attach until a prosecution is commenced, that is, at or after the initiation of adversary judicial criminal proceedings—whether by way of formal charge, preliminary hearing, indictment, information, or arraignment." *McNeil v. Wisconsin,* 501 U.S. 171, 175, 111 S.Ct. 2204, 115 L.Ed.2d 158 (1991) (internal quotation marks and citation omitted). Thus, the Sixth Circuit has noted that:

> the fact that law enforcement officials arranged for an informant to converse with an indicted defendant about offenses other than those for which the defendant had been indicted is not unlawful. Thus, if an informant "deliberately elicits" incriminating statements relating to the charged offense, the defendant is entitled to suppression of those statements in the trial on the charged offense, but the Sixth Amendment raises no bar to the initiation of the interview itself or to the use of any statements that incriminate the defendant on uncharged offenses.

*United States v. Ford,* 176 F.3d 376, 380 (6th Cir.1999). Herein, the Defendant was charged with violating § 2923.12(A) in state court, while he is being prosecuted for violating a different statute, § 922(g), in this case in federal court. Thus, the question becomes whether he is now being prosecuted for the same or a different offense.

In *Texas v. Cobb,* 532 U.S. 162, 121 S.Ct. 1335, 149 L.Ed.2d 321 (2001), the Supreme Court discussed the question of how to determine whether a defendant is being prosecuted for the same or a different offense. Therein, Cobb, confessed to com-

mitting a home burglary; however, he denied any knowledge of the disappearance of the woman and her child who had lived in the burglarized home. As a consequence of that confession, Cobb was charged with the home burglary. He later told his father that he had murdered the woman and child, after which his father informed police what Cobb had said. Police then interviewed Cobb who made a second confession, admitting that he had murdered the mother and her child. During the trial, Cobb's second confession was admitted into evidence, and he was convicted. Upon appeal, the Texas appellate court reversed that conviction, concluding that Cobb's confession to the murders should have been suppressed. In particular, the Texas appellate court concluded that Cobb's Sixth Amendment right to counsel attached not only to the offense with which he was then charged (the home burglary), but also to the closely related crimes (the murders of the woman and her child). Upon further appeal, the United States Supreme Court reversed, reiterating that the Sixth Amendment is offense specific and attaches only to the offense with which a defendant has been charged. 532 U.S. at 172–73, 121 S.Ct. 1335. The Supreme Court then turned to the definition of offense:

Although it is clear that the Sixth Amendment right to counsel attaches only to charged offenses, we have recognized in other contexts that the definition of an "offense" is not necessarily limited to the four corners of a charging instrument. In *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), we explained that "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." *Id.*, at 304, 52 S.Ct. 180. We have since applied the *Blockburger* test to delineate the scope of the Fifth Amendment's Double Jeopardy Clause, which prevents multiple or successive prosecutions for the "same offence." See, e.g., *Brown v. Ohio*, 432 U.S. 161, 164–166, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977). We see no constitutional difference between the meaning of the term "offense" in the contexts of double jeopardy and of the right to counsel. Accordingly, we hold that when the Sixth Amendment right to counsel attaches, it does encompass offenses that, even if not formally charged, would be considered the same offense under the *Blockburger* test.

*Id.* at 173, 121 S.Ct. 1335.

■ Herein, the Defendant was charged with a violation of § 2923.12(A) of the Ohio Revised Code, when Bilinski interviewed him, while he is now charged with violating 18 U.S.C. § 922(g) in this prosecution. Applying the *Blockburger* test causes this Court to conclude that the two are not the same "offense." Section 922(g) provides that it shall be unlawful for any person who has been convicted of a crime punishable by imprisonment for a term exceeding one year to "possess in or affecting commerce, any firearm or ammunition. . . ." Section 2923.12(A) provides that "[n]o person shall knowingly carry or have, concealed on his or her person or concealed ready at hand, any deadly weapon or dangerous ordnance." Thus, § 922(g) requires proof that the defendant possesses a firearm or ammunition "in or affecting commerce," an element which is not present in § 2923.12(A). In addition, § 922(g) requires proof that the defendant has been convicted of an offense which carries a term of incarceration exceeding one year, while § 2923.12(A) does not. The state statute, by contrast, contains the element

of concealment which is not present in § 922(g).[3]

Nevertheless, relying upon *United States v. Red Bird*, 146 F.Supp.2d 993 (D.S.D.2001), *affirmed*, 287 F.3d 709 (8th Cir.2002), the Defendant argues that the *Blockburger* test, as made applicable to the Sixth Amendment in *Cobb*, is inapplicable. Therein, the defendant was arraigned in Sioux Tribal Court on charges of rape and an attorney was appointed to represent him. Thereafter, a tribal police officer and an FBI agent interviewed him, and he was charged with a federal offense of rape. He moved to suppress the statements he had made to the tribal police officer and FBI agent, arguing that they had been given after his Sixth Amendment right to counsel had attached. The District Court agreed, concluding that a rape under tribal law and federal law was the same offense. The Defendant argues that *Red Bird* supports the proposition that the *Blockburger* test does not apply in instances where the defendant is accused of violating statutes of two different sovereigns (the Sioux Tribe and the United States in *Red Bird*, or Ohio and the United States herein), rather than two statutes of the same sovereign (Texas statutes prohibiting murder and burglary in *Cobb*). This Court does not agree. In affirming the suppression order of the District Court in *Red Bird*,

the Eighth Circuit commented on the applicability of *Cobb* and the *Blockburger* test:

> To determine whether the tribal and federal complaints charge the same offense, we look to *Texas v. Cobb*, 532 U.S. 162, 121 S.Ct. 1335, 149 L.Ed.2d 321 (2001). In that case, the Supreme Court held that under the Sixth Amendment "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." *Id.* at 173, 121 S.Ct. 1335 (quoting *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932)). The district court found, and we agree, that the tribal rape charge has "identical essential elements when compared with the later federal charges filed." *United States v. Red Bird*, 146 F.Supp.2d 993, 999 (D.S.D. 2001). Therefore, we hold that pursuant to the test set forth in *Texas v. Cobb*, the federal and tribal complaints charge the same offense for Sixth Amendment purposes.

287 F.3d at 715.

In sum, the Court concludes that the offense with which the Defendant was

---

**3.** Although one might argue that a violation of § 2923.12(A) also *requires* proof of a prior conviction, this Court would not agree. A violation of the state statute can be increased from a first degree misdemeanor to a fourth degree felony by proof of one of the enhancements contained in § 2923.12(D). In particular, § 2923.12(D) provides that "[i]f the offender previously has been convicted of a violation of this section or of any offense of violence, if the weapon involved is a firearm that is either loaded or for which the offender has ammunition ready at hand, or if the weapon involved is dangerous ordnance, carrying concealed weapons is a felony of the fourth degree." Thus, a prior conviction is

only one of several means to enhance a defendant's sentence. The Court will assume for present purposes that, pursuant to *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), the matters set forth in § 2923.12(D) are elements of a crime which must be proved to the jury beyond a reasonable doubt. In state court, the Defendant was charged with a fourth degree felony, because the concealed weapon he was carrying was loaded or he had ammunition ready at hand. *See* Defendant's Exhibit A. Section 922(g), in contrast, *requires* proof that the defendant had previously been convicted of an offense punishable by a term of incarceration exceeding one year.

charged when interviewed by Bilinski, § 2923.12(A) of the Ohio Revised Code, is not the same "offense" as that with which he is charged in this prosecution, 18 U.S.C. § 922(g).[4]  Therefore, the Defendant's right to counsel for the offense with which he is charged herein had not attached at the time Bilinski interviewed him.  Accordingly, the Court overrules the Defendant's Motion to Suppress Statements (Doc. # 17).

---

4.  Given that conclusion, it is unnecessary to address the Government's argument that the Defendant waived his Sixth Amendment right by being interviewed.