An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

RICHARD D. SULLIVAN,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 60231

**FILED**

APR 1 0 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of coercion. Eighth Judicial District Court, Clark County; Joanna Kishner, Judge.

First, Sullivan argues that the evidence was insufficient to support his conviction. We disagree. The jury heard testimony from the victim that after spitting on her, slapping her, and pulling the phone from the wall as she called 911, Sullivan grabbed her by her hair and pulled her away from the door as she attempted to escape. This testimony was corroborated by a police officer who witnessed Sullivan pulling away the victim when she reached the door. "[I]t is the function of the jury, not the appellate court, to weigh the evidence." Walker v. State, 91 Nev. 724, 726, 542 P.2d 438, 439 (1975). We conclude that "'after viewing the evidence in the light most favorable to the prosecution,'" a rational juror could have found the essential elements of the crimes beyond a reasonable doubt. See McNair v. State, 108 Nev. 53, 56, 825 P.2d 571, 573 (1992) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)); NRS 207.190.

Second, Sullivan argues that his conviction for coercion violates double jeopardy because he was previously convicted of domestic violence in the municipal court based upon the same act. Claims of double

jeopardy violations implicate both statutory and constitutional issues and are reviewed de novo. <u>Jackson v. State</u>, 128 Nev. ___, ___ P.3d ___, ___ (Adv. Op. No. 55, December 6, 2012). Because neither the coercion nor domestic violence statute expressly allows for, or prohibits, convictions for both, <u>see</u> NRS 207.190, NRS 33.018, we apply the test outlined in <u>Blockburger</u>[1] to determine "whether each offense contains an element not contained in the other; if not, they are the 'same offence' and double jeopardy bars additional punishment and successive prosecution.'" <u>Jackson</u>, 128 Nev. at ___, ___ P.3d at ___ (Adv. Op. No. 55 at 7) (quoting <u>United States v. Dixon</u>, 509 U.S. 688, 696 (1993)). Both coercion and domestic violence—charged here under a theory of battery—require proof of an element that the other does not. <u>See</u> NRS 207.190, NRS 33.018. Although Sullivan contends that under the unique facts of this case the State had to demonstrate that he was in a domestic relationship with the victim in order to prove coercion, we look only to what the statute requires, "notwithstanding a substantial overlap in the proof offered to establish the crimes." <u>Brown v. Ohio</u>, 432 U.S. 161, 166 (1977) (internal quotation omitted). Because Sullivan failed to demonstrate that the legislature intended to prohibit punishment for both offenses, we conclude that he is not entitled to relief on this claim.

Similarly, Sullivan also argues that <u>Walker v. Florida</u>, 397 U.S. 387 (1970), and NRS 171.070 mandate reversal of his felony coercion conviction because it was based on the same act as his municipal court domestic violence conviction. Although respondent did not specifically

---

[1]<u>Blockburger v. United States</u>, 284 U.S. 299 (1932).

address these arguments in its response, its argument regarding double jeopardy generally applies with equal force. Therefore, we decline to construe the lack of a specific argument as a confession of error. See NRAP 31(d). Because the acts constituting domestic violence were not necessary to prove the offense of coercion, we conclude that these claims also lack merit. See Sacco v. State, 105 Nev. 844, 846-47, 784 P.2d 947, 949 (1989).

Third, Sullivan argues that his two convictions are redundant because, while different offenses under Blockburger, they are factually based upon the same act. We have recently rejected these challenges as unworkable and have reemphasized that the appropriate analysis is the intent of the legislature. See Jackson, 128 Nev. Adv. Op. at___, ___ P.3d at ___ (Adv. Op. at 17-18). We conclude that Sullivan is not entitled to relief on this claim.

Fourth, Sullivan argues that the district court erred by failing to give his proposed "two reasonable interpretations" jury instruction, claiming that the district court's rejection of his proposed instruction was tantamount to denying an instruction on his theory of the offense. We reject Sullivan's claim that denial of his proposed instruction was similar to the denial of a "duty to acquit instruction." Cf. Crawford v. State, 121 Nev. 744, 753, 121 P.3d 582, 588 (2005). Because the jury was properly instructed regarding reasonable doubt, we conclude that the district court did not err by rejecting Sullivan's proposed instruction. See Bails v. State, 92 Nev. 95, 98, 545 P.2d 1155, 1156 (1976).

Fifth, Sullivan argues that the State committed prosecutorial misconduct by referring to defense counsel as a public defender. Because Sullivan did not object to the statement, we review it for plain error

affecting his substantial rights. Dieudonne v. State, 127 Nev. ___, ___, 245 P.3d 1202, 1204-05 (2011). While we are mindful of the concerns that Sullivan raises, we conclude that the singular, innocuous reference to counsel as a public defender was not misconduct. See Williams v. State, 103 Nev. 106, 110, 734 P.2d 700, 703 (1987) (a prosecutor may not make comments intended to influence the outcome of a case). We conclude that Sullivan is not entitled to relief on this claim.

Sixth, Sullivan argues cumulative error. Because we have found no error, there are no errors to cumulate. Accordingly, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc: Hon. Joanna Kishner, District Judge
    Clark County Public Defender
    Attorney General/Carson City
    Clark County District Attorney
    Eighth District Court Clerk