[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant Eddy Nelson Hernandez is charged in an information with four counts of capital felony in violation of Connecticut General Statutes 53a-54b(8) as well as three counts of murder in violation of 53a-54a of the Connecticut General Statutes. Count one alleges the murder of Sammy Calo, Jr. and David Valedon. Count two alleges the murders of Calo and Edwin Villafane. Count three alleges the murders of Valedon and Villafane. Count four alleges the murders of all three of these individuals.
The defendant has moved to dismiss counts one, two, and three of the information dated January 11, 1993 pursuant to the5th, 6th, and 14th Amendments to the United States Constitution, Article I, Sections 8 and 9 of the Connecticut Constitution, Conn. Practice Book 815 and, alternatively, Conn. Practice Book 817 and 818.
Section 53a-54b(8), Conn. General Statutes, provides that a person is guilty of a capital felony who is convicted of murder of two or more persons at the same time or in the course of a single transaction. The defendant argues that the information should be dismissed because this statute is intended to include in a single count of capital felony those situations where it is alleged that a person intended to cause the death of and did cause the death of three people at the same time or in the course of a single transaction as in this case.
Additionally, the defendant asserts that the information violates the double jeopardy clause of the Fifth andFourteenth Amendments of the United States Constitution and Article First, Section 9 of the Connecticut Constitution.
This argument is not persuasive in the context of the issue raised with respect to the charges in the instant case since ". . . the role of the constitutional guarantee [against double jeopardy] is limited to assuring that the court does not exceed its legislative authorization by imposing multiple punishments for the same offense." State v. Chicano, 216 Conn. 699, 726
(1990), quoting Brown v. Ohio, 432 U.S. 161, 165 (1977). Thus, CT Page 6043 if the defendant were to be tried upon the information as currently drafted and convicted on more than one of the first four counts of the information, the constitutional protection against double jeopardy would preclude multiple sentences. Chicano, 216 Conn. 699, at pgs. 714, 725; see also Ball v. United States, 470 U.S. 856, 864 (1985).
It is the opinion of this court, however, that the defendant's argument with respect to the impropriety of charging four counts of capital felony (C.G.S. 53a-54b(8)) is meritorious when multiplicity is considered.
An indictment on information is multiplicitous when the same offense is charged in multiple counts of the indictment on information. A. Paul Spinella, Connecticut Criminal Procedure, 427 (1985). In the instant case the same offense (Capital Felony C.G.S. 53a-54b(8)) is charged four times naming alleged victims in various combinations. This is multiplicitous pleading of the same charge.
The statute in question, Conn. General Statutes 53a-54b(8), provides "a person is guilty of capital felony who is convicted of murder of two or more persons at the same time in the course of a single transaction." Clearly, this statute contemplates and is applicable to simultaneous or single transaction multiple murders as alleged in this case.
While the information under consideration is multiplicitous, this conclusion is not a basis for dismissal. Conn. Practice Book 817. However, the judicial authority ". . . shall order such relief as is required to remedy such defect. . .". Conn. Practice Book 818.
Accordingly, the court orders the state to charge the defendant with a single count of capital felony (C.G.S.53a-54b(8)) in addition to the three counts of murder (C.G.S.53a-54a).
THE COURT:
Ronan, J. CT Page 6044