50 F.3d 14
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James K. HAVERSTOCK, Petitioner-Appellant,
v.
James GOMEZ, Director; Attorney General for the State of
California, Respondents-Appellees.
William S. NORTON, Petitioner-Appellant,
v.
James GOMEZ, Director; Attorney General for the State of
California, Respondents-Appellees.
 Nos. 93-56300, 93-56372.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 10, 1995.*
Decided March 3, 1995.
 
 Before: BROWNING, D.W. NELSON and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 California state prisoners James Haverstock and William Norton appeal the district court's denial of their 28 U.S.C. Sec. 2254 petitions challenging their convictions for second degree murder. They contend that their retrial and resulting convictions for second degree murder violated the Double Jeopardy Clause. We have jurisdiction pursuant to 28 U.S.C. Sec. 2253, and we review de novo a district court's denial of a petition for habeas corpus. Hendricks v. Zenon, 993 F.2d 664, 668 (9th Cir.1993). We affirm.
 
 BACKGROUND
 
 3
 On May 23, 1984, defendants Haverstock and Norton were charged by information with first degree murder and robbery. Defendants' first trial on these charges began in March of 1985 and ended in a mistrial. After two weeks of deliberation, the jury indicated that they were deadlocked 10 to 2 for acquittal of the first degree murder, but that they unanimously agreed that defendants were not guilty of the lesser included offense of second degree murder. Both defense counsel requested that the jury render a formal verdict as to second degree murder. The following discussion then took place between the court and the jury foreperson:
 
 
 4
 The Court: Is it Not Guilty of Murder Two by reason of the fact that if it is Murder at all, it is Murder One?
 
 
 5
 Ms. Brookshier: Yes.
 
 
 6
 The Court: I don't see any point in having that verdict rendered.
 
 
 7
 Accordingly, the court did not accept a verdict and, with the consent of the defendants, declared a mistrial.
 
 
 8
 Defendants were subsequently retried and convicted of second degree murder. After exhausting state remedies, defendants filed a habeas petition with the district court, contending that their retrial violated the Double Jeopardy Clause. The district court held that there was no double jeopardy violation because no final verdict was rendered during the first trial.
 
 DISCUSSION
 
 9
 The Double Jeopardy Clause protects a defendant from a second prosecution for the same offense after either acquittal or conviction. Brown v. Ohio, 432 U.S. 161, 164-65, 97 S.Ct. 2221, 2224-25 (1971). However, "retrial is not automatically barred when a criminal proceeding is terminated without finally resolving the merits of the charges against the accused." Arizona v. Washington, 434 U.S. 497, 505 (1978). For example, where a trial court declares a mistrial, retrial is not barred by the Double Jeopardy Clause. Richardson v. United States, 468 U.S. 317, 325-26 (1984).
 
 
 10
 In this case, defendants' first trial ended without a final verdict having been rendered. Under California law, an acquittal of the greater offense is required before a jury may render a verdict on the lesser included offense. People v. Kurtzman, 46 Cal.3d 322, 330, 250 Cal.Rptr. 244, 249 (1988). Because the jury was deadlocked on defendants' first degree murder charge, it could not render a verdict on the lesser included offense of second degree murder. See Stone v. Superior Court, 31 Cal.3d 503, 519, 183 Cal.Rptr. 647, 658 (1982) ("The jury must be cautioned ... that if it finds the defendant guilty of the greater offense, or if it is unable to agree on that offense, it should not return a verdict on the lesser offense."). The district court properly declined to accept a verdict on second degree murder and, with the consent of the defendants, declared a mistrial. Accordingly, defendants' second trial and convictions did not violate the Double Jeopardy Clause. See Richardson, 468 U.S. at 325-26.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3