139 F.3d 901
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Jimmie L. AUSTIN, Petitioner-Appellant,
v.
Charles MILLER, Respondent-Appellee.
 No. 97-1861.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 19, 1998*.
Decided Feb. 26, 1998.
 
 Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. No. IP 96-1590-C-M/S Larry J. McKinney, Judge.
 Before Hon. THOMAS E. FAIRCHILD, Hon. FRANK H. EASTERBROOK, Hon. DIANE P. WOOD, Circuit Judges.
 
 ORDER
 
 1
 Jimmie Austin appeals the district court's order denying his petition for a writ of habeas corpus. 28 U.S.C. § 2254. We affirm.
 
 
 2
 In February 1990, Austin and another man broke into Dora Johnson's apartment. At the time, Johnson was entertaining six guests. Austin and the other man instructed Johnson and her guests to remain completely still, and then robbed them. Austin then instructed Johnson and her guests to remain in the apartment until he and his friend left. At trial, Johnson and her guests testified that they were scared to move and did not feel free to move at any time during the ordeal.
 
 
 3
 An Indiana jury convicted Austin on two counts of attempted robbery, five counts of robbery, and seven counts of confinement. After the jury determined that he was an habitual offender, he was sentenced to 47 years' imprisonment. On direct appeal, Austin argued that improper identification procedures were used to convict him, that there was insufficient evidence to support his convictions, and that his convictions for attempted robbery and robbery violated the Double Jeopardy Clause when coupled with his confinement convictions. The state appellate court held that Austin waived consideration of his challenges to the identification procedures by failing to make contemporaneous objections at trial, that there was sufficient evidence to support his convictions, and that his convictions did not violate the double jeopardy clause. Austin v. State, 603 N.E.2d 169 (Ind.Ct.App.1992). The state supreme court denied transfer. Austin's petition for post-conviction relief, which presented a challenge to the habitual offender determination, was denied; the appeal was dismissed because he did not provide a copy of the record to support his claims. Austin v. State, No. 49A04-9511-PC-457 (Ind. Ct. App Oct. 1, 1996).
 
 
 4
 On November 16, 1996, Austin filed a petition for a writ of habeas corpus raising five claims: (1) his convictions violate the Double Jeopardy Clause; (2) insufficient evidence supported the habitual offender determination; (3) the charging instrument was deficient; (4) tainted identification evidence was admitted at trial; and (5) insufficient evidence supported his convictions. The district court denied the petition and declined to issue a certificate of appealability. This court then granted what amounts to a certificate of appealability (we inadvertently stated that we were granting a certificate of probable cause) limited to the double jeopardy issue.
 
 
 5
 As an initial matter, Austin argues each of the five claims presented in his petition in his appellate brief. The State maintains that we may not consider any argument on issues excluded from the certificate of appealability because Austin has not made a substantial showing of a denial of a constitutional right with regard to the habitual offender enhancement, the identification procedures or the sufficiency of the evidence upon which he was convicted. See Williams v. Parke, No. 97-1612, slip op. at 6 (7th Cir. Jan. 20, 1998); Porter v. Gramley, 112 F.3d 1308, 1312 (7th Cir.1997) (construing argument in an appellate brief on claims for which a certificate of appealability was not granted as a request for a certificate on those issues), cert. denied, --- U.S. ----, 118 S.Ct. 886, 139 L.Ed.2d 873, 66 U.S .L.W. 3491, (U.S. Jan. 26, 1998) (No. 97-6773). We agree and, therefore, deny Austin's implied request for a certificate of appealability on these claims, and turn to his double jeopardy argument.
 
 
 6
 Because Austin filed his petition after the enactment of the Antiterrorism and Effective Death Penalty Act of 1996, amending 28 U .S.C. § 2254, his claims must be evaluated according to the standards as amended by the Act. Lindh v. Murphy, 521 U.S. 320, ----, 117 S.Ct. 2059, 2063, 138 L.Ed.2d 481 (1997). Thus, Austin can obtain relief on his double jeopardy claim only if he can establish that the state appellate court's adjudication of that claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court." 28 U.S.C. § 2254(d)(1).
 
 
 7
 Austin cannot establish unreasonable application of federal law by the state court. The state appellate court correctly stated and applied the standard for evaluating a double jeopardy claim as announced by the Supreme Court. Relying on Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), and Brown v. Ohio, 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977), the appellate court applied the "same elements" test to the pertinent statutes. The court reasonably found that each crime contained an element which the other did not: specifically, the robbery statute required proof that the defendant took property belonging to another, and the confinement statute required proof that the defendant confined another person against his will. The court, therefore, concluded that Austin's conviction for both robbery and confinement did not violate his double jeopardy rights. The state court's adjudication of Austin's double jeopardy claim was in accordance with federal law.
 
 
 8
 Austin maintains that the state court erred because he only confined the people he robbed to the extent necessary to complete the robbery. In other words, he argues that the conduct supporting the robbery convictions was used to support the confinement convictions, and that this constitutes a violation of the Double Jeopardy Clause under Grady v. Corbin, 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990). Judge Miller of the Court of Appeals of Indiana dissented from the majority opinion in Austin based on this argument. Austin, 603 N.E.2d at at 175. But the Supreme Court overruled Grady in United States v. Dixon, 509 U.S. 688, 704, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993), and held that the "same conduct" test is irrelevant in double jeopardy analysis. Id. at 711; cf. Lockhart v. Fretwell, 506 U.S. 364, 113 S.Ct. 838, 122 L.Ed.2d 180, (1993) (petitioner is not entitled to windfall on collateral attack resulting from application of law that would have been beneficial at time of direct review but that subsequently has been invalidated). Moreover, the Indiana appellate court made a factual determination that Austin confined his victims to a greater extent than was necessary to complete the robbery. Austin, 603 N.E.2d at 173. We presume the correctness of state court factual determinations, and Austin has not met his burden of rebutting our presumption by producing anything approaching clear and convincing evidence. 28 U.S .C. § 2254(e)(1).
 
 
 9
 The district court's judgment is AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and record. See Fed. R.App. P. 34(a); Cir. R. 34(f)