UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 99-4494

DARIUS KEITH RAINEY,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Samuel G. Wilson, Chief District Judge, sitting by designation.
(CR-98-93)

Submitted: December 14, 1999

Decided: January 31, 2000

Before MURNAGHAN and NIEMEYER, Circuit Judges,
and BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Aaron E. Michel, Charlotte, North Carolina, for Appellant. Mark T.
Calloway, United States Attorney, Brian Lee Whisler, Assistant
United States Attorney, Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Darius Keith Rainey appeals his two convictions for possession of a firearm by a convicted felon in violation of 18 U.S.C.A. § 922(g) (West 1997). Rainey's first allegation on appeal is that the trial court erred in retroactively applying Caron v. United States, 524 U.S. 308 (1998). Due process bars the retroactive application of an unforeseeable judicial construction of a criminal statute. See Brown v. Ohio, 432 U.S. 161, 169 n.8 (1977); Bouie v. City of Columbia, 378 U.S. 347, 352-55 (1964). However, when the circuits are split on the proper interpretation of a statute, a change in the law is reasonably foreseeable. See United States v. Rodgers, 466 U.S. 475, 484 (1984). At the time Rainey possessed the rifles at issue, there was a split in the circuits on the proper construction of § 921(a)(20)'s "unless" clause as it pertains to § 922(g). Rainey was thus on notice that the Supreme Court could review the issue and reach a decision contrary to this circuit's interpretation, and accordingly, his due process rights were not violated by the district court's application of Caron.

Rainey's argument that the trial court erred in excluding evidence showing that his possession of the rifles was legal under North Carolina state law and Rainey accordingly lacked intent to violate federal law is meritless. The mens rea requirement associated with § 922(g) does not demand that Rainey know his conduct is in violation of federal law. See Staples v. United States, 511 U.S. 600, 622 n.3 (1994) (Ginsburg, J., concurring in judgment). The Supreme Court's ruling in Caron renders evidence that Rainey could legally possess the rifles under North Carolina law irrelevant. See Caron , 524 U.S. at 314-15. Likewise, the Caron decision refutes Rainey's argument that the Government had to prove that Rainey's possession of the rifles was illegal under North Carolina state law.

Finally, Rainey contends that § 922(g) should be overturned in light of United States v. Lopez, 514 U.S. 549 (1995). This court has previously rejected a Lopez challenge to § 922(g). See United States v. Wells, 98 F.3d 808, 811 (4th Cir. 1996). The statute is constitutionally sound, and proof that the firearms crossed state lines at some point prior to Rainey's possession of the weapons is sufficient to

2

establish the interstate commerce nexus. See Scarborough v. United States, 431 U.S. 563, 575 (1977).

We have reviewed the record and find no reversible error. Accordingly, we affirm the district court's order of judgment and conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3