STATE of Wisconsin, Plaintiff-Respondent,

v.

Prentiss M. McKINNIE, Defendant-Petitioner.†

Court of Appeals

*No. 01–2764–CR. Submitted on briefs January 25, 2002.—
Decided February 13, 2002.*

2002 WI App 82

(Also reported in 642 N.W.2d 617.)

† Petition to review denied 7-26-02.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Bryan J. Borman*, assistant state public defender of Waukesha.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *David J. Becker*, assistant attorney general, and *James E. Doyle*, attorney general.

Before Nettesheim, P.J., Brown and Anderson, JJ.

¶ 1. ANDERSON, J. This is a petition for leave to appeal.[1] Prentiss M. McKinnie appeals a nonfinal order of the trial court denying his motion to bar his prosecution on double jeopardy grounds. Because we agree with the trial court that prosecution of McKinnie does not violate the constitutional protection against double jeopardy, we affirm.

¶ 2. On May 21, 2001, at approximately 9:04 p.m., Brookfield police officers were dispatched to the north parking lot of Brookfield Square Mall on information that a carjacking had just occurred. The next day, the City of Brookfield Police Department received a phone call from the City of Milwaukee Police Department

---

[1] We grant the petition.

indicating that the vehicle that was stolen the day before in the carjacking from the Brookfield Square parking lot had now been involved in a high-speed chase with Milwaukee police officers and a male driver had been taken into custody and identified as McKinnie.

¶ 3. McKinnie was charged in both Waukesha and Milwaukee counties. The Waukesha county charge alleged that on May 21, 2001, McKinnie did, while possessing a dangerous weapon (a long, metal-pronged hair combing device), by threat of use of force against another, intentionally take a vehicle without the consent of the owner, Shirley Katt, contrary to Wis. STAT. § 943.23(1g) (1999–2000) (carjacking).[2] The Milwaukee county charge alleged that on May 22, 2001, at approximately 9:30 a.m., at the location of 3079 North 24th Place, in the city of Milwaukee, McKinnie operated an automobile without the owner's consent contrary to § 943.23(3) (OAWOC).[3] On October 4, 2001, McKinnie pled guilty to the Milwaukee county charge.[4]

---

[2] WISCONSIN STAT. § 943.23(1g) provides:

Whoever, while possessing a dangerous weapon and by the use of, or the threat of the use of, force or the weapon against another, intentionally takes any vehicle without the consent of the owner is guilty of a Class B felony.

All references to the Wisconsin Statutes are to the 1999–2000 version unless otherwise noted.

[3] WISCONSIN STAT. § 943.23(3) provides:

Whoever intentionally drives or operates any vehicle without the consent of the owner is guilty of a Class E felony.

[4] Both the Waukesha county complaint and the Milwaukee county complaint contained additional charges unrelated to this appeal.

¶ 4. On October 11, 2001, McKinnie sought dismissal of the Waukesha county carjacking charge because he had already been convicted of the lesser-included offense of OAWOC in Milwaukee county. He argued that Wis. Stat. § 939.66(2r) bars the subsequent prosecution in Waukesha county for the greater offense of carjacking. On October 15, 2001, the Waukesha county trial court denied McKinnie's motion to dismiss. On October 16, 2001, McKinnie filed a petition for leave to appeal the Waukesha county trial court's denial of his double jeopardy motion. In order to facilitate our review of the petition for leave to appeal, we stayed the trial court's proceedings and ordered transmittal of the record and the filing of briefs.

¶ 5. On appeal, McKinnie renews the argument that Wis. Stat. § 939.66(2r) bars the subsequent prosecution in Waukesha county for the greater offense of carjacking. Section 939.66(2r) states in relevant part:

> Upon prosecution for a crime, the actor may be convicted of either the crime charged or an included crime, but not both. An included crime may be any of the following:
>
> . . . .
>
> **(2r)** A crime which is a less serious type of violation under s. 943.23 than the one charged.

¶ 6. McKinnie is correct in his statement of the law. Multiple punishments for the same offense violate the double jeopardy protections of the state and federal constitutions and of Wis. Stat. § 939.66(2r). *State v. Koller*, 2001 WI App 253, ¶ 28, 248 Wis. 2d 259, 635 N.W.2d 838, *review denied*, 2002 WI 2, 249 Wis. 2d 580,

638 N.W.2d 589 (Wis. Nov. 27, 2001) (No. 99–3084–CR); § 939.66(2r). However, because we hold that McKinnie engaged in *separate, distinct* criminal acts, neither constitutional nor statutory double jeopardy bars apply to the case at hand.

¶ 7. Wisconsin has recognized principles for determining when a defendant's acts are sufficiently different in fact to warrant multiple charges under a single statute. Those principles were recently described in *Koller*, 2001 WI App 253 at ¶ 31:

> [Determining whether acts are sufficiently different in fact to warrant multiple charges] involves a determination of whether the charged acts are "separated in time or are of a significantly different nature." The "different nature" inquiry is not limited to an assessment of whether the acts are different types of acts. Rather, even the same types of acts are different in nature "if each requires 'a new volitional departure in the defendant's course of conduct.' " Furthermore, time is an important factor, but even a brief time separating acts may be sufficient . . . . The pertinent time question is whether the facts indicate the defendant had "sufficient time for reflection between the [acts] to again commit himself." (Citations omitted.)

¶ 8. The above-mentioned principles have been applied to several different types of prosecutions. *See City of Madison v. Nickel*, 66 Wis. 2d 71, 223 N.W.2d 865 (1974) (charging a defendant with four violations of a city ordinance prohibiting the selling of obscene magazines is not multiplicitous even though the magazines were sold by the defendant at the same time and place to the same person); *see also State v. Anderson*, 219 Wis. 2d 739, 580 N.W.2d 329 (1998) (conviction on two counts of bail jumping is not multiplicitous when each

is based on a violation of a different term of defendant's bond for the underlying crime).

¶ 9. Thus, these principles are not limited to one type of prosecution, even though they have most often been applied in sexual assault prosecutions. We choose to discuss one such case as a point of reference for our decision. In the case of *Harrell v. State*, 88 Wis. 2d 546, 277 N.W.2d 462 (Ct. App. 1979), the defendant pointed a gun at the victim as she unlocked the lobby door to the apartment building in which she lived and he ordered her to walk to the basement. *Id.* at 553. While pointing the gun at her head, he ordered her to remove her clothing. *Id.* After she complied, he told her to remain quiet or he would blow her head off. *Id.* He demanded money and received three dollars from the victim. *Id.* He then, without the victim's consent, had sexual intercourse with her. *Id.* After the act of sexual intercourse, and while threatening to blow her head off, he searched her clothing for more money. *Id.* After twenty to twenty-five minutes of conversation, he completed a second act of sexual intercourse without the victim's consent with the gun at all times pointed at the victim's head. *Id.*

¶ 10. The defendant was convicted of two counts of rape and one count of armed robbery. *Id.* During trial, the trial court denied the defendant's motion to dismiss one of the counts of rape. *Id.* The defendant's postconviction motion was also denied. *Id.* On appeal, the defendant contended that the two acts of sexual intercourse, each charged as a rape, amounted to a continuous crime, a unitary transaction. *Id.* He argued that charging each act of sexual intercourse as a rape divides a single course of conduct into multiple counts of the same criminal offense and therefore violates the double jeopardy provisions of the federal and state

177

constitutions. *Id.* at 553–54. He claimed that the multiplicity existed because the sexual intercourse was without the consent of the victim by use or threat of force and that all incidents occurred with the same person and on the same occasion within a period of approximately one-half hour. *Id.* at 564. The court held that the separate acts of sexual assault were separately punishable. *Id.* We find the rationale in *Harrell* instructive.

¶ 11. The principles described in *Koller*, having been applied in *Harrell* and several types of prosecutions in which multiple convictions were affirmed, are applicable to this case and require the holding of this court that, on the alleged facts before us, McKinnie was properly charged with separate crimes. On May 21, 2001, at approximately 9:04 p.m., in the north parking lot of Brookfield Square Mall, in Waukesha county, McKinnie, allegedly armed with a dangerous weapon, by threat of use of force decided to steal a car out from under its driver, Shirley Katt; on the next day, at approximately 9:30 a.m., in Milwaukee county, McKinnie, after sufficient time for reflection, again committed himself to driving a stolen car. Each act required "a new volitional departure in [McKinnie's] course of conduct." *See Koller*, 2001 WI App 253 at ¶ 31. As alleged, McKinnie's offenses are separate and distinct and may be separately charged.

*By the Court.*—Order affirmed.