**COURT OF APPEALS**
**DECISION**
**DATED AND FILED**

**June 4, 2026**

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2024AP2288**

Cir. Ct. No. **2018CF251**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT IV

---

STATE OF WISCONSIN,

    PLAINTIFF-RESPONDENT,

V.

DOMINIC GABRIEL MAZZUCCO,

    DEFENDANT-APPELLANT.

---

APPEAL from a judgment and an order of the circuit court for Dodge County: KRISTINE A. SNOW, Judge. *Affirmed*.

Before Blanchard, Kloppenburg, Taylor, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Dominic Gabriel Mazzucco appeals a judgment convicting him of operating a motor vehicle without the owner's consent, *see* WIS.

STAT. § 943.23(3) (2023-24), and an order denying postconviction relief.[1] Mazzucco argues that this conviction is barred by double jeopardy because he was previously convicted in Milwaukee County of taking and driving the same vehicle without consent under § 943.23(2). We affirm.

¶2 The material facts are brief and undisputed. On August 9, 2018, Mazzucco stole a vehicle in Milwaukee County. Over the next two days Mazzucco drove north and west, and at one point picked up a passenger who got out of the vehicle after learning it was stolen. On August 11, officers found Mazzucco with the vehicle at a Kwik Trip in Horicon, Dodge County, and arrested him. Mazzucco was convicted in Milwaukee County of the take-and-drive offense based on his conduct in that county, and later pleaded no contest in this case to operating without consent based on the Horicon incident. The circuit court denied Mazzucco's postconviction motion that alleges a double jeopardy violation, concluding that the two crimes are separate in fact.

¶3 Whether successive prosecutions are multiplicitous under the double jeopardy clause is a question of law that we review de novo. *State v. Patterson*, 2010 WI 130, ¶12, 329 Wis. 2d 599, 790 N.W.2d 909. A multiplicity analysis asks whether the two offenses are identical in law and in fact. *State v. Ziegler*, 2012 WI 73, ¶60, 342 Wis. 2d 256, 816 N.W.2d 238. "[I]f the offenses are different in law *or* fact, … we are no longer concerned with a double jeopardy violation…." *Id.*, ¶62 (emphasis added). For purposes of this appeal, we assume that the two offenses are identical in law and focus on whether they are identical in fact.

---

[1] All references to the Wisconsin Statutes are to the 2023-24 version.

¶4     Two offenses are not identical in fact if the acts are sufficiently different to show that separate crimes were committed. *Id.*, ¶60. Put differently, offenses are different in fact when each reflects a new volitional departure or when there is sufficient time for reflection between the acts. *State v. McKinnie*, 2002 WI App 82, ¶11, 252 Wis. 2d 172, 642 N.W.2d 617; *Harrell v. State*, 88 Wis. 2d 546, 560, 277 N.W.2d 462 (Ct. App. 1979). When offenses are different in fact, we presume that the legislature intended to allow cumulative punishments. *Ziegler*, 342 Wis. 2d 256, ¶62.

¶5     *McKinnie* is particularly instructive. There, the defendant was charged with carjacking for taking a vehicle on May 21 and with operating the same vehicle without the owner's consent on May 22. *McKinnie*, 252 Wis. 2d 172, ¶¶2-3. This court rejected the defendant's double jeopardy argument, explaining that the later driving occurred after sufficient time for reflection and therefore constituted a new volitional departure. *Id.*, ¶11. *Harrell* applied the same principle in a different factual context. In that case, two sexual assaults were separated by an interval that included conversation and other intervening conduct, and this court concluded that the interval gave the defendant sufficient time to again commit himself to criminal conduct. *Harrell*, 88 Wis. 2d at 560.

¶6     The principle articulated in *McKinnie* and *Harrell* resolves this appeal. Mazzucco's Milwaukee County take-and-drive offense occurred on August 9. Two days later, after traveling to another county and after a passenger refused to remain in the stolen vehicle, Mazzucco again chose to drive it. These breaks in time, geography, and circumstance provided ample opportunity for reflection. The August 11 driving therefore constitutes the type of new volitional departure described in *McKinnie*. Like the second assault in *Harrell*, Mazzucco's

3

renewed decision to drive the vehicle two days later, in another county and after intervening events, was not the unavoidable continuation of the original offense.

¶7 Mazzucco relies on ***Brown v. Ohio***, 432 U.S. 161 (1977), but ***Brown*** does not require a different result. In ***Brown***, the United States Supreme Court held that Ohio could not prosecute a defendant for both auto theft and joyriding based on the same nine-day course of conduct when, under the Ohio statutes at issue, joyriding was a lesser-included offense of auto theft. ***Id.*** at 163-69. The Court cautioned that a state may not avoid double jeopardy by dividing a single crime into artificial temporal or spatial units. ***Id.*** at 169. Here, however, the separation is not artificial. Under ***McKinnie*** and ***Harrell***, Mazzucco's renewed decision to drive the vehicle two days later, in another county and after intervening events, makes the Dodge County offense different in fact from the Milwaukee County offense. Because the Dodge County offense is different in fact from the Milwaukee County offense, Mazzucco has not established a double jeopardy violation.

*By the Court.*—Judgment and order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.