COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

                                       NOS.
2-06-232-CR

                                                2-06-233-CR

                                                2-06-234-CR

                                                2-06-235-CR

                                                2-06-236-CR

 

EX PARTE                                                                                          

 

 

OSCAR NARCISO LOPEZ                                                                       

 

                                              ------------

 

        FROM
CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------      

I.  Introduction








Appellant Oscar Narcisco
Lopez appeals the trial court=s denial of pretrial habeas relief. 
In his sole point, appellant complains that the trial court erred by
denying him relief because his retrial following a mistrial induced by the
prosecution=s failure to
produce Brady evidence violates the double jeopardy protections of the
state and federal constitutions.  We
affirm.

II.  Background Facts & Procedural History

On July 1, 2004, in five
separate indictments, appellant was charged with aggravated sexual assault of a
child and indecency with a child by fondling. 
The three complainants are appellant=s biological children.  On
January 25, 2005, appellant filed a motion for discovery, in which he requested
disclosure of all Brady materials. 
On October 27, 2005, the trial court also ordered the State to provide
appellant with Aany and all
videotape recordings of interviews@ of the children.  Appellant
next subpoenaed Child Protective Services (ACPS@) for all of
its records regarding the victims, and on November 23, 2005, a CPS employee
produced two videotaped and five audiotaped interviews with the three children;
the State had already provided appellant with copies of the children=s written statements.  

On February 7, 2006, after
trial had begun, Detective Steve Benjamin, the lead investigator in the case,
approached the prosecutor and told him about the existence of two additional
videotapes involving CPS=s February
12, 2004 interviews with two of the victims.








The prosecutor immediately
told the trial court and defense counsel about the two additional
videotapes.  Detective Benjamin stated
that the omission was his fault because his police report did not reflect that
the two children had been videotaped on that date.  Detective Benjamin also stated that he did
not disclose the existence of the tapes to the District Attorney=s office until trial. The trial court gave both the prosecutor and
appellant=s trial
counsel an opportunity to watch the videos. 


The prosecutor stated that
the newly-discovered interviews were not significantly different from the
statements the children had made on the videos already in possession of the
defense.  Appellant=s trial counsel disagreed, claimed Aunfair surprise,@ and moved
for a mistrial.  The State opposed the
motion, arguing, among other things, that the children=s undisclosed interviews were consistent with their February 12, 2004
written statements.  The trial court
granted appellant=s motion for
mistrial.

Appellant filed an
application for writ of habeas corpus, arguing that a second trial was barred
by double jeopardy.  The trial court
denied this request.  This appeal
followed.  

III.  Double Jeopardy Bar to Retrial Following
Prosecutorial Misconduct








In his sole point, appellant
asserts that by withholding the two videos until the first witness testified,
the prosecutor engaged in conduct that was intended to provoke him into moving
for a mistrial.  Therefore, according to
appellant, his retrial for these offenses is barred by the double jeopardy
protections of both the federal and state constitutions, and the trial court
abused its discretion by not granting his petition for writ of habeas
corpus.  We disagree.

A.  Applicable Law








The Double Jeopardy Clause of
the United States Constitution provides that no person shall be subjected to
twice having life or limb in jeopardy for the same offense.  U.S. CONST. amend. V.  Generally, this
clause protects against (1) a second prosecution for the same offense after
acquittal, (2) a second prosecution for the same offense after conviction, and
(3) multiple punishments for the same offense. 
Brown v. Ohio, 432 U.S. 161, 165, 97 S. Ct. 2221, 2225 (1977); Ex
parte Herron, 790 S.W.2d 623, 624 (Tex. Crim. App. 1990) (op. on reh=g).  When a trial court grants a
defendant=s motion for
mistrial, the double jeopardy clause is not violated unless conduct giving rise
to the motion was  Aintended to goad@ the
defendant into moving for a mistrial.  See
Oregon v. Kennedy, 456 U.S. 667, 675-76, 102 S. Ct. 2083, 2089 (1982); Ex
parte Lewis, 216 S.W.3d 335, 371 (Tex. Crim. App. 2007).  Under both the federal and state
constitutions, retrial is barred only if the prosecutor intentionally caused a
mistrial.[2]  Therefore, we must determine whether the
prosecutor here acted intentionally by failing to produce the two additional
tapes.  See Masonheimer,
220 S.W.3d at 505-06.

B.  Analysis

Appellant never alleged at
trial that the prosecutor intentionally failed to turn over the
additional videotapes.  On the contrary,
his trial counsel stated, AI am not alleging any misconduct on the part of [the prosecutor]@ and AAppellant is
not alleging that [the prosecutor] . . . acted deliberately in withholding the
videotaped interviews.@  Instead, appellant argued that the prosecutor=s failure to look for the additional tapes, combined with Athe actions of the prosecutor during Appellant=s trial,@ were
intended to provoke him into moving for a mistrial. 








We agree with appellant that
the prosecutor originally told him that no audio or videotapes
existed.  However, the prosecutor was not
hiding the original batch of tapes or the additional two tapes; during
appellant=s habeas
hearing, the prosecutor testified that he originally believed that CPS never
conducted any taped interviews of the children because CPS had the
children=s written statements.  At this
point, the prosecutor did not question CPS or Detective Benjamin about the
existence of any additional tapes because the tapes just disclosed Alined up with the records.@

Detective Benjamin testified
that he never told the State about the two undisclosed tapes or acknowledged the
existence of the two tapes in his police report.  The detective stated that the additional
interviews were a Aspur of the
moment decision by me . . . . It was my fault, not theirs.@  The prosecutor also testified
that he did not know about or intentionally withhold the two tapes.  Significantly, the prosecutor also disclosed
the two tapes to the trial court and to the defense immediately after learning
about them.  

Further, several weeks before
trial, the State provided the defense with written statements from the three
children.  Appellant argues that the two
undisclosed videos contained Aadditional inconsistent statements.@  However, Detective Benjamin
testified that there were no major inconsistencies in the new tapes, and the
prosecutor stated that the new tapes actually helped the State=s case. 








In light of all the factors
and evidence we have discussed, we hold that the trial court properly concluded
that the State did not engage in conduct intending to goad appellant into
requesting a mistrial.  See id.  The evidence presented at the
habeas hearing shows that the prosecutor=s improper conduct was a prosecutorial blunder that was the result of
inadvertence, sloppiness, or even simple negligence, none of which are bars to
retrial.  See id.  Therefore, we hold that the trial court did
not abuse its discretion by concluding that appellant=s retrial will not violate federal and state double jeopardy
protections and by denying appellant habeas relief. 

IV.  Conclusion

We overrule appellant=s point and affirm the trial court=s order.

 

TERRIE LIVINGSTON

JUSTICE

 

PANEL F:    CAYCE, C.J.; LIVINGSTON and MCCOY, JJ.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:
June 21, 2007











[1]See Tex. R. App. P. 47.4.





[2]Kennedy, 456
U.S. at 675‑76, 102 S. Ct. at 2089; Lewis, 216 S.W.3d at 370-71
(adopting the Kennedy standard and overruling Bauder v. State,
921 S.W.2d 696, 698 (Tex. Crim. App. 1996), which barred retrials under double
jeopardy in situations when a prosecutor is aware of but consciously disregards
the risk that his conduct would require a mistrial at the defendant=s
request); see also Ex parte Masonheimer, 220 S.W.3d 494, 507-08 (Tex.
Crim. App. 2007) (holding that a defendant raised a valid double jeopardy
challenge when the prosecutor for his second and third trials did not intentionally
withhold exculpatory evidence, but the prosecutor at the first trial
did).