EX PARTE LOPEZ

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NOS. 2-06-232-CR

         
2-06-233-CR

         2-06-234-CR

         2-06-235-CR

         2-06-236-CR

EX PARTE 

OSCAR NARCISO LOPEZ 

------------

FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------ 

I.  Introduction

Appellant Oscar Narcisco Lopez appeals the trial court’s denial of pretrial habeas relief.  In his sole point, appellant complains that the trial court erred by denying him relief because his retrial following a mistrial induced by the prosecution’s failure to produce 
Brady 
evidence violates the double jeopardy protections of the state and federal constitutions.  We affirm.

II.  Background Facts & Procedural History

On July 1, 2004, in five separate indictments, appellant was charged with aggravated sexual assault of a child and indecency with a child by fondling.  The three complainants are appellant’s biological children.  On January 25, 2005, appellant filed a motion for discovery, in which he requested disclosure of all 
Brady 
materials.  O
n October 27, 2005, the trial court also ordered the State to provide appellant with “any and all videotape recordings of interviews” of the children.  Appellant next subpoenaed Child Protective Services (“CPS”) for all of its records regarding the victims, and on November 23, 2005, a CPS employee produced two videotaped and five audiotaped interviews with the three children; the State had already provided appellant with copies of the children’s written statements.  

On February 7, 2006, after trial had begun, Detective Steve Benjamin, the lead investigator in the case, approached the prosecutor and told him about the existence of two additional videotapes involving CPS’s February 12, 2004 interviews with two of the victims.

The prosecutor immediately told the trial court and defense counsel about the two additional videotapes.  Detective Benjamin stated that the omission was his fault because his police report did not reflect that the two children had been videotaped on that date.  Detective Benjamin also stated that he did not disclose the existence of the tapes to the District Attorney’s office until trial. The trial court gave both the prosecutor and appellant’s trial counsel an opportunity to watch the videos.  

The prosecutor stated that the newly-discovered interviews were not significantly different from the statements the children had made on the videos already in possession of the defense.  Appellant’s trial counsel disagreed, claimed “unfair surprise,” and moved for a mistrial.  The State opposed the motion, arguing, among other things, that the children’s undisclosed interviews were consistent with their February 12, 2004 written statements.  The trial court granted appellant’s motion for mistrial.

Appellant filed an application for writ of habeas corpus, arguing that a second trial was barred by double jeopardy.  The trial court denied this request.  This appeal followed.  

III.  Double Jeopardy Bar to Retrial Following Prosecutorial Misconduct

In his sole point, appellant asserts that by withholding the two videos until the first witness testified, the prosecutor engaged in conduct that was intended to provoke him into moving for a mistrial.  Therefore, according to appellant, his retrial for these offenses is barred by the double jeopardy protections of both the federal and state constitutions, and the trial court abused its discretion by not granting his petition for writ of habeas corpus.  We disagree.

A.  Applicable Law

The Double Jeopardy Clause of the United States Constitution provides that no person shall be subjected to twice having life or limb in jeopardy for the same offense.  U.S. C
ONST
. amend. V.  Generally, this clause protects against (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense.  
Brown v. Ohio
, 432 U.S. 161, 165, 97 S. Ct. 2221, 2225 (1977); 
Ex parte Herron
, 790 S.W.2d 623, 624 (Tex. Crim. App. 1990) (op. on reh’g).
 
 When a trial court grants a defendant’s motion for mistrial, the double jeopardy clause is not violated unless conduct giving rise to the motion was  
“intended to goad” 
the defendant into moving for a mistrial.  
See Oregon v. Kennedy
, 456 U.S. 667, 675-76, 102 S. Ct. 2083, 2089 (1982); 
Ex parte Lewis
, 216 S.W.3d 335, 371 (Tex. Crim. App. 2007)
. 
 Under both the federal and state constitutions, retrial is barred only if the prosecutor intentionally caused a mistrial.
(footnote: 2)  
Therefore, we must determine whether the prosecutor here acted intentionally by failing to produce the two additional tapes
. 
 
See Masonheimer,
 220 S.W.3d at 505-06.

B.  Analysis

Appellant never alleged at trial that the prosecutor 
intentionally 
failed to turn over the additional videotapes.  On the contrary, his trial counsel stated, “I am not alleging any misconduct on the part of [the prosecutor]” and “Appellant is not alleging that [the prosecutor] . . . acted deliberately in withholding the videotaped interviews.”  Instead, appellant argued that the prosecutor’s failure to look for the additional tapes, combined with “the actions of the prosecutor during Appellant’s trial,” were intended to provoke him into moving for a mistrial. 

We agree with appellant that the prosecutor originally told him that 
no
 audio or videotapes existed.  However, the prosecutor was not hiding the original batch of tapes or the additional two tapes; during appellant’s habeas hearing, the prosecutor testified that he originally believed that CPS never conducted 
any 
taped interviews of the children because CPS had the children’s written statements.  At this point, the prosecutor did not question CPS or Detective Benjamin about the existence of any additional tapes because the tapes just disclosed “lined up with the records.”

Detective Benjamin testified that he never told the State about the two undisclosed tapes or acknowledged the existence of the two tapes in his police report.  The detective stated that the additional interviews were a “spur of the moment decision by me . . . . It was my fault, not theirs.”  The prosecutor also testified that he did not know about or intentionally withhold the two tapes.  Significantly, the prosecutor also disclosed the two tapes to the trial court and to the defense immediately after learning about them.  

Further, several weeks before trial, the State provided the defense with written statements from the three children.  Appellant argues that the two undisclosed videos contained “additional inconsistent statements.”  However, Detective Benjamin testified that there were no major inconsistencies in the new tapes, and the prosecutor stated that the new tapes actually helped the State’s case. 

In light of all the factors and evidence we have discussed, we hold that the trial court properly concluded that the State did not engage in conduct intending to goad appellant into requesting a mistrial.  
See id
. 
 The evidence presented at the habeas hearing shows that the prosecutor’s improper conduct was a prosecutorial blunder that was the result of inadvertence, sloppiness, or even simple negligence, none of which are bars to retrial.  
See id. 
 Therefore, we hold that the trial court did not abuse its discretion by concluding that appellant’s retrial will not violate federal and state double jeopardy protections and by denying appellant habeas relief. 

IV.  Conclusion

We overrule appellant’s point and affirm the trial court’s order.

TERRIE LIVINGSTON

JUSTICE

PANEL F: CAYCE, C.J.; LIVINGSTON and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: June 21, 2007

FOOTNOTES
1:
See
 
Tex. R. App
. P. 47.4.

2:
Kennedy
, 456 U.S. at 675-76, 102 S. Ct. at 2089;
 Lewis
, 216 S.W.3d at 370-71 (adopting the 
Kennedy 
standard and overruling 
Bauder v. State
, 921 S.W.2d 696, 698 (Tex. Crim. App. 1996), which barred retrials under double jeopardy in situations when a prosecutor is aware of but consciously disregards the risk that his conduct would require a mistrial at the defendant’s request); 
see also Ex parte Masonheimer
, 220 S.W.3d 494, 507-08 (Tex. Crim. App. 2007) (holding that a defendant raised a valid double jeopardy challenge when the prosecutor for his second and third trials did not 
intentionally 
withhold exculpatory evidence, but the prosecutor at the first trial did).