NOT FOR PUBLICATION

FILED

AUG 11 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-30304 |
| Plaintiff - Appellee, | D.C. No. 2:10-cr-00009-DWM |
| v. | |
| WILLIAM AUGUST BRAND, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Donald W. Molloy, District Judge, Presiding

Submitted August 2, 2011[**]

Before:    RYMER, IKUTA, and N.R. SMITH, Circuit Judges.

William August Brand appeals from the 120-month sentence imposed following his guilty-plea conviction for possession of child pornography, in violation of 18 U.S.C. § 2252A (a)(5)(B) and (b)(2).  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Brand contends that his Fifth Amendment rights were violated because the Government "rel[ied] on the underlying facts of a prior conviction in order to secure a conviction" and "subsequently ... re[lied] on the prior conviction to justify a substantial increase in the statutory sentence [.]"

The Fifth Amendment's Double Jeopardy Clause provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb[.]" U.S. CONST. amend. V. The clause provides protection from multiple punishments for the same offense. *Brown v. Ohio*, 432 U.S. 161, 165 (1977). The conviction on appeal arose out of Brand's conduct in 2009, while Brands "prior conviction" occurred in 2006. Brand fails to demonstrate that he was punished twice for the same offense. *See United States v. Ziskin*, 360 F.3d 934, 948 (9th Cir. 2003). The use of the prior conviction at trial and at sentencing does not create a double jeopardy issue.

**AFFIRMED.**