**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| UVALDO MORA,<br><br>  Petitioner - Appellant,<br>v.<br><br>FRANCISCO JACQUEZ, Warden,<br><br>  Respondent - Appellee. | No. 10-56331<br><br>D.C. No.<br>2:09-cv-07486-DMG-RNB<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Dolly M. Gee, District Judge, Presiding

Argued and Submitted May 7, 2012
Pasadena, California

Before: NOONAN and FISHER, Circuit Judges, and MUELLER, District Judge.[**]

Petitioner Uvaldo Mora appeals the district court's denial of habeas relief

under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Kimberly J. Mueller, District Judge for the U.S. District Court for Eastern California, sitting by designation.

§ 2254. We have jurisdiction under 28 U.S.C. § 2253, and, reviewing de novo, affirm. *See, e.g.*, *Crittenden v. Ayers*, 624 F.3d 943, 950 (9th Cir. 2010).

On January 16, 2005, petitioner abducted a rival gang member at gunpoint, taking his van, driving to two locations, and interrogating the victim over the course of approximately four hours. Petitioner subsequently was convicted of six separate state law offenses related to kidnapping. The sentences for the lesser included offenses at issue in this petition were stayed under California Penal Code § 654, which prohibits multiple punishments arising from the same course of conduct. Petitioner's convictions were upheld by the California Court of Appeal on direct appeal. The California Supreme Court declined review. His subsequent habeas petition before the California Superior Court was denied through application of a state law procedural bar. Petitioner's more fully developed habeas petition to the California Supreme Court, which cured the earlier procedural default, was denied without citation or comment.

This court reviews the state supreme court's summary disposition of plaintiff's habeas petition under the deferential standard of 28 U.S.C. § 2254(d), which allows federal habeas relief only where the state court decision is "contrary to" then-clearly established federal law set forth in the holdings of the Supreme Court, an "unreasonable application" of such clearly established law, or "based on

2

an unreasonable determination of the facts" considering the record before the state court. *See* 28 U.S.C. § 2254(d); *Harrington v. Richter*, __ U.S. __, 131 S. Ct. 770, 786, 178 L. Ed. 2d 624 (2011).

Petitioner claims his multiple convictions violate the double jeopardy clause of the Fifth Amendment to the United States Constitution, applied to the states through the Fourteenth Amendment. Petitioner relies on *Ball v. United States*, 470 U.S. 856 (1985), to argue that his convictions for lesser included crimes must be vacated. He relies on *Brown v. Ohio*, 432 U.S. 161 (1977), to argue that the California Court of Appeal erred by finding his single act of kidnapping could be separated into distinct periods.

The cases relied upon by petitioner do not present "clearly established law" of which the state court ran afoul. In *Ball*, the Court declined to address whether separate criminal possession convictions could stand where the defendant possessed a gun, surrendered, and later regained it. 470 U.S. at 859 n.6. Similarly, in *Brown*, where the petitioner held uninterrupted possession of a stolen car for nine days, the Court noted that multiple prosecutions may have been permissible if the state legislature had provided a basis for dividing the crime into parts. 432 U.S. at 169 n.8. Here, state law allows for such a division. *Cf. People v. Thomas*, 26 Cal. App. 4th 1328, 1334-35 (Cal. Ct. App. 1994) (kidnapping continued for as

long as victim was forcibly detained).

Furthermore, "[t]o meet the 'unreasonable determination' standard under § 2254(d)(2), the habeas court 'must be convinced that an appellate panel . . . could not reasonably conclude that the finding is supported by the record . . . [or] that any appellate court to whom the defect is pointed out would be unreasonable in holding that the state court's fact-finding process was adequate.'" *Ocampo v. Vail*, 649 F.3d 1098, 1106 (9th Cir. 2011) (quoting *Taylor v. Maddox*, 366 F.3d 992, 1000 (9th Cir. 2004)). Here, the state supreme court's decision was not based on an unreasonable determination of the facts in light of the evidence before the court.

Finally, we construe the uncertified claim briefed by appellant, that insufficient evidence supports petitioner's conviction of kidnapping to commit robbery, as a motion to expand the certificate of appealability. So construed, the motion is denied. *See* 9TH CIR. R. 22–1(e); *Hiivala v. Wood*, 195 F.3d 1098, 1104-05 (9th Cir.1999) (per curiam).

**AFFIRMED**.