[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-14557
_____

D.C. Docket No. 2:11-cv-03271-WMA-JHE

TONY LEE SMITH,
a.k.a. Wilhelm Von Wolf,

                                                        Petitioner-Appellant,

versus

WARDEN, S.C.C.F.,
ATTORNEY GENERAL, STATE OF ALABAMA,

                                                        Respondents-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(May 27, 2016)

Before HULL and BLACK, Circuit Judges, and ROTHSTEIN,[*] District Judge.

PER CURIAM:

Tony Smith, an Alabama state prisoner, appeals the district court's August 29, 2014 order dismissing his petition for a writ of habeas corpus under 28 U.S.C. § 2254.  After review of the record and with the benefit of oral argument, we reverse the district court's August 29, 2014 dismissal order and remand with instructions to grant the writ in part.

On August 3, 2006, Smith pleaded guilty to resisting arrest, in violation of Ala. Code § 13A-10-41.  That same day, the state trial court accepted his guilty plea and adjudicated him guilty of that offense.  At that moment, the Double Jeopardy Clause of the Fifth Amendment attached, which prohibits successive prosecutions for the same offense.  See Brown v. Ohio, 432 U.S. 161, 164, 97 S. Ct. 2221, 2225 (1977).

The next day, on August 4, 2006, Smith pleaded guilty to, and was adjudicated guilty of, second-degree assault, in violation of Ala. Code § 13A-6-21. All parties agree that the resisting arrest charge and second-degree assault charge were based on offense conduct that occurred on the same day, at the same time, between Smith and the same officer, and was separated by mere seconds.  Given these undisputed facts and the close temporal proximity, we conclude that Smith's

---

[*]Honorable Barbara Jacobs Rothstein, United States District Judge for the Western District of Washington, sitting by designation.

conduct constituted a single criminal offense.  See id. at 169, 97 S. Ct. at 2227

("The Double Jeopardy Clause is not such a fragile guarantee that prosecutors can

avoid its limitations by the simple expedient of dividing a single crime into a series

of temporal or spatial units.").  We conclude, therefore, that the state proceeding to

obtain Smith's conviction for resisting arrest in Case No. 05-924 based on certain

offense conduct estopped the state from subsequently seeking a conviction for

second-degree assault in Case No. 05-922 based on the same offense conduct.  As

such, Smith's second-degree assault conviction and sentence in case No. 05-922

should be vacated by the Alabama state courts, and the district court should grant

the writ to accomplish that remedy.

Accordingly, we **REVERSE** the district court's dismissal of Smith's § 2254

petition and **REMAND** with instructions to grant the writ, in part, with respect to

Smith's Alabama state conviction for second-degree assault in Case No. 05-922.

Nothing in this opinion shall be construed as having any effect on Smith's

conviction for first-degree assault in Case No. 05-2209 or his conviction for

resisting arrest in Case No. 05-924.

**REVERSED IN PART and REMANDED with instructions.**