LOLLEY, J.
| Ronnie E. Jackson, Jr. and Betty Lou Donahoe Jackson (collectively, the “Jack-sons”), appeal the judgment of the 39th Judicial District Court, Parish of Red River, State of Louisiana, in which the trial court granted defendant Pride Oil & Gas Properties, Inc.’s (“Pride Oil”) motion for summary judgment. For the following reasons, we affirm the trial court’s judgment.
FACTS
On March 27, 2008, the Jacksons agreed to lease the mineral rights of their property to Pride Oil. As consideration for the lease, Pride Oil gave the Jacksons a draft for the amount of $8,250.00 payable no later than 10 days after the draft’s arrival at the collecting bank.
On March 28, the Jacksons submitted the draft to their bank, BancorpSouth. BancorpSouth sent the draft to JP Morgan Chase International (“Chase”) for collection. On April 2, 2008, Chase received the draft and requested payment of the amount stated on the draft from Pride Oil.
Pride Oil authorized Chase to pay the draft on April 14, 2008; however, Chase did not mail the corresponding cashier’s check to BancorpSouth until April 26, 2008.[1] The Jacksons, after submitting the draft to BancorpSouth but prior to receiving the cashier’s check from Chase, made written demand on Pride Oil for a rescis *8 sion of the mineral lease for failure to timely pay consideration.
|2Pride Oil refused to rescind the lease, and the Jacksons brought suit against Pride Oil for failure to timely pay on the draft. Pride Oil filed a motion for summary judgment claiming that, as a matter of law, it was entitled to a judgment in its favor because it had timely paid the amount on the draft to Chase. The trial court granted Pride Oil’s motion for summary judgment. This appeal followed.
DISCUSSION
As their first and only assignment of error, the Jacksons argue that the trial court erred by granting Pride Oil’s motion for summary judgment dismissing with prejudice all of the Jacksons’ claims. Specifically, the Jacksons argue that Chase, Pride Oil’s bank, failed to place the Jack-sons in possession of the $8,250.00 within the time period stated on the draft, and therefore, Pride Oil did not discharge its duty to timely pay consideration for the mineral lease, and the Jacksons had every right to rescind the lease. We disagree.
The plaintiff or defendant may move for a summary judgment in his favor for all or part of the relief for which he has prayed. The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action and is favored by the courts and construed to accomplish these ends. La. C.C.P. art. 966.
Appellate courts review summary judgments de novo under the same criteria that govern the district court’s consideration of whether summary judgment is appropriate. Young v. Marsh, 46,896 (La.App.2d Cir.01/25/12), 86 So.3d 42.
Is A depository bank is the first bank to which a draft is taken for payment. A payor bank is the bank which is the drawee of a draft. Finally, a collecting bank handles the draft merely for purposes of collecting the amount due on the draft and is not responsible for drawing the amount stated on the draft. La. R.S. 10:4-105.
Louisiana R.S. 10:4-201, which addresses the status of the collecting bank as agent for the owner of the draft states, in pertinent part:
Unless a contrary intent clearly appears and before the time that a settlement given by a collecting bank for an item is or becomes final, the bank, with respect to the item, is an agent or sub-agent of the owner of the item and any settlement given for the item is provisional.
Payment of an instrument to a collecting bank is the equivalent of payment to its principal, the owner of the instrument, and constitutes an absolute discharge thereof. Farmers and Merchants Nat. Bank of Bridgeton v. Boardwalk Nat. Bank, 101 N.J.Super. 528, 245 A.2d 35 (N.J.Super.A.D.1968), cert. denied, 52 N.J. 492, 246 A.2d 452 (1968).
In the present case, BancorpSouth is the depository bank in that the Jacksons first took the draft to BancorpSouth to execute the draft. Chase, after receiving the draft from BancorpSouth, became the collecting bank and was responsible for notifying Pride Oil of its obligation to pay the draft amount. As the collecting bank, Chase became the Jacksons’ agent for the purpose of collecting the amount due on the draft from Pride Oil and, therefore, Pride Oil’s payment to Chase constituted payment to the Jacksons. Chase is not a payor bank, as the Jacksons argue, because Chase was not authorized to draw the amount stated in the draft absent ^authorization of Pride Oil. Thus, while Chase ultimately satisfied the amount of the draft by issuing a cashier’s check *9 drawing from Pride Oil’s funds held by Chase, it only did so after being placed in possession of those funds by a separate authorization from Pride Oil. Because Pride Oil timely paid the amount on the draft, to Chase, the trial court was correct in granting Pride Oil’s motion for summary judgment, and this assignment of error is without merit.
CONCLUSION
For the foregoing reasons, we affirm the ruling of the trial court in favor of Pride Oil & Gas Properties, Inc. All costs of this appeal are to be payed by Lonnie E. Jackson, Jr. and Betty Lou Donahoe Jackson.
AFFIRMED.

. The ten day deadline for payment of the amount on the draft fell on April 12, 2008, which was a Saturday. Therefore, the last day for payment carried over to the following Monday of April 14, 2008.