Rel: December 20, 2024

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# Alabama Court of Criminal Appeals

## OCTOBER TERM, 2024-2025

———————————————

## CR-2024-0013

———————————————

## Brett Tyler Wahlgren

### v.

## State of Alabama

## Appeal from Jefferson Circuit Court
## (CC-23-1807)

KELLUM, Judge.

Brett Tyler Wahlgren was convicted of first-degree domestic violence, see § 13A-6-130, Ala. Code 1975. The circuit court sentenced him to 20 years' imprisonment, but it ordered that the sentence be split

and that Wahlgren serve 4 years in confinement followed by 5 years on probation.

On appeal, Wahlgren contends that his conviction violates double-jeopardy principles because, he says, he had previously pleaded guilty to third-degree domestic violence for the same act or transaction and third-degree domestic violence is a lesser-included offense of first-degree domestic violence. We agree.[1]

The relevant facts are undisputed. Wahlgren and his wife, Michelle Marie Holland-Wahlgren ("Michelle"), were in the process of divorcing. When the divorce proceedings began, Michelle left the marital home and moved in with a friend, but most of her belongings remained in the marital home. On March 19, 2023, Michelle was at the martial home when Wahlgren came home. A verbal dispute quickly escalated to Wahlgren's physically attacking Michelle in the kitchen. Wahlgren grabbed Michelle by the hair, dragged her to the floor, and began hitting her. He then lifted her up and slammed her head against the kitchen counter, after which he dragged her across the kitchen, grabbed a knife

---

[1]Because of our disposition of this case, we need not address the other issues Wahlgren raises on appeal.

from a butcher block, and tried to stab Michelle. Michelle and Wahlgren struggled over the knife, with Michelle incurring injuries; Michelle was able to get away, and she ran from the house. A neighbor telephoned emergency 911.

On March 21, 2023, Wahlgren was charged by complaint in district court with third-degree domestic violence, see § 13A-6-132, Ala. Code 1975. The complaint alleged that Wahlgren did, "with intent to cause physical injury to another person, cause physical injury to another person, to-wit: Michelle Holland-Wahlgren, by striking the victim about the head before bashing her head into a granite countertop, ... with the victim being the defendant's wife." (C. 305; capitalization omitted.) In May 2023, Wahlgren was indicted for attempted murder, see §§ 13A-6-2 and 13A-4-2, Ala. Code 1975, and for first-degree domestic violence.[2] With respect to first-degree domestic violence, the indictment charged that Wahlgren

---

[2]The record indicates that the first-degree-domestic-violence charge was also initially charged by complaint. The prosecutor stated that, although "it was supposed to be transferred," the misdemeanor charge of third-degree domestic violence "apparently did not travel with the felony" charge of first-degree domestic violence when the case was submitted to the grand jury for indictment, and the misdemeanor charge remained pending in the district court. (R. 121.)

3

"did, with the intent to cause serious physical injury to another person, cause[] serious physical injury to Michelle Marie Holland-Wahlgren, by means of a deadly weapon or dangerous instrument, to-wit: a knife, and Michelle Marie Holland-Wahlgren, is, to-wit: a current or former spouse."

(C. 110; capitalization omitted.)

In July 2023, Wahlgren pleaded guilty in the district court to the third-degree-domestic-violence charge and received a 12-month suspended sentence, with 2 years to be served on probation. In August 2023, Wahlgren filed a motion to dismiss the indictment in the circuit court on the ground that it was barred by double-jeopardy principles. Specifically, he argued that his third-degree-domestic-violence conviction arose from the same act or transaction as the two charges in the indictment and that third-degree domestic violence is a lesser-included offense of attempted murder and first-degree domestic violence in his case.

The circuit court conducted a hearing on the motion on August 21, 2023, at which the State argued that the third-degree-domestic-violence charge encompassed only Wahlgren's slamming Michelle's head against the kitchen counter and that the attempted-murder and first-degree-domestic-violence charges were based on his use of a knife. The State

4

conceded that, generally speaking, third-degree domestic violence is a lesser-included offense of first-degree domestic violence, but it argued that, even if the jury was to find Wahlgren guilty of third-degree domestic violence as a lesser-included offense of first-degree domestic violence as charged in the indictment, that conviction would be based on Wahlgren's use of a knife and not on his slamming Michelle's head against the kitchen counter. Thus, the State concluded, jeopardy had not attached with respect to the charge premised on Wahlgren's using the knife during his attack on Michelle and his prosecution under the indictment was not barred. The day after the hearing, the circuit court issued an order denying Wahlgren's motion to dismiss, finding "that the alleged statutory offenses arose from 'the same act or transaction'; however, the alleged offenses were appropriately charged separately as each offense requires proof of an element that the other offense does not." (C. 22.)

A jury subsequently acquitted Wahlgren of attempted murder but convicted him of first-degree domestic violence. After sentencing, Wahlgren timely filed a motion for a new trial, reasserting his double-jeopardy argument. The circuit court denied the motion after a hearing.

5

The Fifth Amendment to the United States Constitution protects a criminal defendant from being twice put in jeopardy for the same offense. "The Double Jeopardy Clause 'protects against a second prosecution for the same offense after acquittal, against a second prosecution for the same offense after conviction, and against multiple punishments for the same offense.'" Ex parte Blackman, 312 So. 3d 1246, 1250 (Ala. 2020) (quoting Justices of Boston Mun. Court v. Lydon, 466 U.S. 294, 306-07 (1984)). This case involves the second protection -- a second prosecution after conviction -- and, because Wahlgren was convicted under two distinct statutes, the test set out in Blockburger v. United States, 284 U.S. 299 (1932), applies. See, e.g., Hopson v. State, 292 So. 3d 407 (Ala. Crim. App. 2019). Under Blockburger, "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of an additional fact which the other does not." 284 U.S. at 304.

"The Blockburger test is a two-pronged test," and "'the threshold inquiry under Blockburger is whether the alleged statutory violations arise from "the same act or transaction."'" Williams v. State, 104 So. 3d

254, 256 (Ala. Crim. App. 2012) (quoting State v. Watkins, 362 S.W.3d 530, 545 (Tenn. 2012)). Wahlgren argues, and the circuit court found, that Wahlgren's convictions for first-degree domestic violence and third-degree domestic violence arose out of the same act or transaction, and the State concedes in its brief on appeal that "the offenses arose from the same act." (State's brief, p. 19.) Because there is no dispute on appeal with respect to the threshold inquiry, we simply note that we agree. Wahlgren's "conduct could not be separated into discrete acts. Rather, the conduct occurred over a continuous interval." Hopson, 292 So. 3d at 416. See also Brown v. Ohio, 432 U.S. 161, 169 (1977) ("The Double Jeopardy Clause is not such a fragile guarantee that prosecutors can avoid its limitations by the simple expedient of dividing a single crime into a serious of temporal or spatial units."). We now turn to the second inquiry under Blockburger.

"[I]f the offenses did arise from the same act or transaction, then it must be determined whether each offense requires proof of an additional fact which the other does not, i.e., whether the two offenses are the 'same' for double-jeopardy purposes." Williams, 104 So. 3d at 257. The Alabama Supreme Court "'has implicitly recognized the Blockburger test as a

7

"floor" rather a "ceiling" for "same offense" definitions.'" Hopson, 292 So. 3d at 416 (quoting King v. State, 574 So.2d 921, 931 (Ala. Crim. App. 1990) (Bowen, J., concurring specially). Moreover,

> "the Blockburger test is nothing more than a rule of statutory construction. As the Alabama Supreme Court has recognized:
>
>> "'[T]he Double Jeopardy Clause, as a general rule, prohibits the State from subjecting a defendant to multiple punishments for the same offense.... However, this protection for criminal defendants constrains only the judiciary to act in accordance with the expressed will of the legislature; it does not prohibit the legislature from authorizing the imposition of cumulative sentences for what amounts to the same offense, provided the legislative intent to do so is clear and the prosecutions and convictions occur in a single trial.'
>
> "Ex parte Rice, 766 So. 2d 143, 148 (Ala. 1999) (emphasis added). 'The assumption underlying the [Blockburger] rule is that Congress ordinarily does not intend to punish the same offense under two different statutes. Accordingly, where two statutory provisions proscribe the "same offense," they are construed not to authorize cumulative punishments in the absence of a clear indication of contrary legislative intent.' Whalen v. United States, 445 U.S. 684, 691-92 (1980) (emphasis added). Because '[t]he Blockburger test is a "rule of statutory construction," and because it serves as a means of discerning congressional purpose the rule should not be controlling where, for example, there is a clear indication of contrary legislative intent.' Albernaz v. United States, 450 U.S. 333, 340 (emphasis added)."

Hutcherson v. State, 243 So. 3d 855, 877-78 (Ala. Crim. App. 2017).

"It is well settled 'that a lesser included and a greater offense are the same under <u>Blockburger</u>.'" <u>Williams</u>, 104 So. 3d at 257 (quoting <u>Brown</u>, 432 U.S. at 166 n.6). "[T]he Fifth Amendment forbids successive prosecution and cumulative punishment for a greater and lesser included offense." <u>Brown</u>, 432 U.S. at 170. In <u>Williams</u>, this Court recognized that, "'"'[t]o be a lesser included offense of one charged in an indictment, the lesser offense must be one that is necessarily included, in all of its essential elements, in the greater offense charged ... <u>unless it is so declared by statute</u>.'"'" 104 So. 3d at 264 (citations omitted; emphasis added). See also § 13A-1-8(b)(1), Ala. Code 1975 ("When the same conduct of a defendant may establish the commission of more than one offense, the defendant may be prosecuted for each such offense. He may not, however, be convicted of more than one offense if ... [o]ne offense is included in the other, as defined in Section 13A-1-9[, Ala. Code 1975]."). Section 13A-1-9(a), Ala. Code 1975, provides the following definitions of a lesser-included offense:

> "(a) ... An offense is an included one if:
>
> > "(1) It is established by proof of the same or fewer than all the facts required to establish the commission of the offense charged; <u>or</u>

9

"(2) It consists of an attempt or solicitation to commit the offense charged or to commit a lesser included offense; or

"(3) It is specifically designated by statute as a lesser degree of the offense charged; or

"(4) It differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property or public interests, or a lesser kind of culpability suffices to establish its commission."

(Emphasis added.)

In Hutcherson, supra, this Court held that, even though first-degree robbery and second-degree robbery each required an element that the other did not and, therefore, convictions for both arising out of the same act or transaction involving the same victim would pass the Blockburger test, such convictions nonetheless violate double-jeopardy principles because second-degree robbery is a lesser-included offense of first-degree robbery pursuant to the definition in § 13A-1-9(a)(3). We explained:

"Section 13A-1-9(a)(3), Ala. Code 1975, states that '[a]n offense is an included one if ... [i]t is specifically designated by statute as a lesser degree of the offense charged.' The legislature specifically designated the offense in § 13A-8-42, Ala. Code 1975, as second-degree robbery, a lesser degree of the offense in § 13A-8-41, Ala. Code 1975, specifically designated as first-degree robbery. Therefore, legislative

10

> intent is clear: a person may not be convicted of both first-degree robbery and second-degree robbery for a single robbery of a single victim."

243 So. 3d at 878.

Similarly, here, the legislature specifically designated the offense in § 13A-6-132 as third-degree domestic violence, a lesser degree of first-degree domestic violence as defined in § 13A-6-130. Legislative intent is clear that a person may not be convicted of both first-degree domestic violence and third-degree domestic violence arising out of the same act or transaction involving the same victim. Because third-degree domestic violence is a lesser-included offense of first-degree domestic violence and because Wahlgren's conviction for third-degree domestic violence arose from the same act or transaction as his subsequent prosecution and conviction for first-degree domestic violence, the circuit court erred in denying Wahlgren's motion to dismiss the indictment on double-jeopardy grounds. "[A] conviction on a lesser-included offense bars subsequent trial on the greater offense." Illinois v. Vitale, 447 U.S. 410, 421 (1980).

Based on the foregoing, the judgment of the circuit court is reversed, and this cause remanded for proceedings consistent with this opinion.

REVERSED AND REMANDED.

Windom, P.J., and McCool, Cole, and Minor, JJ., concur.